\*\*E-Filed 5/29/09\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MARJORIE BROOKS, individually and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>COMUNITY LENDING., INC; GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.; GREENWICH CAPITAL ACCEPTANCE, INC.; GMAC MORTGAGE, LLC; and WELLS FARGO BANK, N.A., as Trustee of the Harborview Mortgage Loan Trust 2006-2010,<br><br>   Defendants. | Case Number C 07-4501 JF (RS)<br><br>**ORDER[1] GRANTING MOTIONS TO DISMISS**<br><br>RE: Docket Nos. 94, 96, 98 |

   In this putative consumer class action, Plaintiff Marjorie Brooks alleges violations of the federal Truth in Lending Act ("TILA") and state-law claims for unfair business practices, breach of contract, and breach of the implied covenant of good faith and fair dealing.  Plaintiff alleges

---

   [1] This disposition is not designated for publication in the official reports.

that Defendants ComUnity Lending, Inc. ("ComUnity"), RBS Financial Products, Inc./Greenwich Capital Acceptance, Inc. ("Greenwich"), GMAC Mortgage, LLC ("GMAC"), and Wells Fargo Bank ("Wells Fargo) (collectively, with the exception of ComUnity,[2] "Defendants") failed to disclose important information about her residential mortgage in the clear and conspicuous manner required by law. Defendant ComUnity originated Plaintiff's loan in 2006. The loan subsequently was sold to Greenwich, transferred to Wells Fargo in trust, and serviced by GMAC.

On February 3, 2009, the Court granted Defendants' motions to dismiss on the ground that the complaint lacked any allegations explaining why Plaintiff's TILA claims–the only claims providing this Court with original federal jurisdiction–were timely as to Defendants. Plaintiff filed a fourth amended complaint on March 5, 2009. Defendants now move to dismiss that complaint in its entirety for failure to state a claim upon which relief may be granted. As explained below, Plaintiff still has not demonstrated that her TILA claims against the moving Defendants are timely, and those claims accordingly will be dismissed. Consistent with its previous order, the Court also will defer its determination of whether to exercise supplemental jurisdiction over those claims until the viability of the remaining federal claims, including those against ComUnity, may be assessed. The action will be stayed until that time.

## I. BACKGROUND

In May 2006, Plaintiff obtained an Option Adjustable Rate Mortgage ("Option ARM") from ComUnity. The terms of the mortgage are contained in the Adjustable Rate Note ("Note") executed by Plaintiff in connection with the loan. A central feature of the loan is its early interest rate adjustment. While the interest rate on the loan is pegged to a variable index and changes over time, the loan offered a low initial interest rate of 1%, which resulted in an initial minimum

---

[2] ComUnity filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California on January 4, 2008, requiring a stay of Plaintiff's action against ComUnity.

monthly payment of $1,193.78.[3]  After one month, the interest rate increased substantially from the low initial rate of 1% to the substantially higher index-based rate, which was and continues to be calculated by adding a 3.5% margin to an indexed figure.

      Despite the almost immediate rise in the applicable interest rate, Plaintiff's minimum monthly payment remained level because the Note permits only one annual increase to the minimum monthly payment.  In addition, the Note provides for the exercise of a "payment cap" on the amount of each such annual increase to the minimum monthly payment, limiting that increase to 7.5%.  However, if the loan's unpaid principal balance reaches 115% of its original value, the payment cap no longer applies and the remaining principal is paid off in equal monthly payments over the remaining term of the loan.  Because the initial monthly payment was based on a 1% interest rate and did not rise with the actual interest rate that was charged, Plaintiff's mortgage began to accrue interest each month in an amount greater than the amount of her monthly payment. The remaining interest was added to the balance of unpaid principal and itself began accumulating interest.  Consequently, the principal balance has increased even as Plaintiff has made the minimum monthly payment.  This situation is known as negative amortization, the result of which is an ultimate reduction in the borrower's equity.

      In connection with the loan transaction, Plaintiff received a federally mandated Truth in Lending Disclosure Statement ("Statement") and a Loan Program Disclosure ("Disclosure") with information specific to the loan she was considering.  The Statement specifies that the annual percentage rate ("APR") on the mortgage is 8.406%.  The Statement also includes a schedule of estimated payments ("Payment Schedule") based in part on the initial 1% interest rate and in part on the subsequent index-based rate.  The Payment Schedule lists an initial minimum payment of $1,193.78 that increases by 7.5% on July 1 of each year.  In the fifth year, the payment increases to $3,009.16, which apparently reflects the point at which the principal balance exceeds 115% of its original value as a result of negative amortization, thus overriding the payment cap.  The Payment Schedule assumes that Plaintiff will make only the minimum monthly payment.

---

      [3] This amount is equal to the monthly payment on a fully amortized thirty-year loan with a 1% interest rate.

3

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

Plaintiff claims that the loan documents failed clearly and conspicuously to disclose the interest rate structure applicable to her loan and the consequent certainty that negative amortization would occur if she made only the minimum payments. On this basis, Plaintiff alleges multiple violations of TILA's implementing regulations, contained in Title 12 of the Code of Federal Regulations ("Regulation Z"). Specifically, she claims that Defendants violated 12 C.F.R. § 226.19 by failing adequately to disclose (1) the actual cost of her loan, as expressed as a yearly interest rate in the Note and as an annual percentage rate ("APR") on the TILDS, (2) that the initial interest rate on the loan was discounted, and (3) that negative amortization was certain to occur if Plaintiff followed the Payment Schedule. Plaintiff claims that Defendants violated 12 C.F.R. §§ 226.17 & 226.18 by failing adequately to disclose: (1) the interest rate(s) upon which the Payment Schedule was based, (2) the effect of the payment cap, and (3) the composite APR. Plaintiff also alleges that Defendants committed unlawful, unfair, and fraudulent business practices in violation of § 17200 of the California Business and Professions Code, and committed fraud by failing adequately to make the foregoing disclosures. Finally, Plaintiff claims that by failing (1) to apply a low, "fixed" interest rate for the first three to five years of the loan term, and (2) to apply each payment to "principal and interest," Defendants breached both the express terms of the Note and the implied covenant of good faith and fair dealing contained in every contract under California law.

## II. LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief may be granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. In addition, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.

*Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Conversely, dismissal may be ordered with prejudice when amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

**A.    Timeliness of TILA claims**

Greenwich and Wells Fargo[4] argue that Plaintiff's TILA claims are barred by the applicable one-year statute of limitations, which begins to run when the transaction underlying the alleged violation is "consummated." *See King v. California*, 784 F.2d 910, 915 (9th Cir.1986); *see also* 15 U.S.C. § 1640(e). In the instant case, Plaintiff's TILA claims arose at the latest at the closing of her mortgage transaction on May 19, 2006. Plaintiff did not file the instant action until August 30, 2007, more than one year from the date she and Defendant consummated the transaction, and did not file a complaint including claims against Greenwich and Wells Fargo until September 30, 2008, more than twenty-eight months from the date of consummation. Thus, the one-year time limit of § 1640(e) has expired as to those defendants. In order adequately to plead that her claims are timely, Plaintiff must allege facts supporting equitable tolling of her original complaint, and facts demonstrating that her later complaint naming Defendants relates back to the original complaint.

The Ninth Circuit has held that TILA's remedial purpose authorizes equitable tolling of the limitations period in appropriate circumstances. *King*, 784 F.2d at 915. Such circumstances exist where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2002). In such a case, the limitations period may be extended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992,

---

[4] Wells Fargo joins in the argument of Greenwich with respect to the timeliness of Plaintiff's TILA claims.

5

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

1003-04 (9th Cir. 2006).  A motion to dismiss on statute of limitations grounds should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Plascencia v. Lending 1st Mortgage*, 583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008) (quoting *Durning v. First Boston Corp.*, 815 F.2d 1265, 1278 (9th Cir. 1987)); *Ford v. Wells Fargo Home Mortg.*, No. 08-4276 SC, 2008 WL 5070687, at *4 -5 (N.D. Cal. Dec. 1, 2008) (declining to grant motion to dismiss on statute of limitations grounds because "factual allegations in the Complaint, construed in a light most favorable to Plaintiffs, might give rise to tolling of the statute").

In the instant case, Plaintiff alleges that the loan documents provided by ComUnity did not clearly disclose that it intended to increase the interest rate applicable to Plaintiff's loan after only thirty days.  Plaintiff also alleges that the loan documents did not clearly disclose the certainty that negative amortization would occur if Plaintiff followed the Payment Schedule provided in the Statement.  The allegations in the complaint are sufficient to raise questions about the reasonableness of Plaintiff's ignorance of her TILA claims until after the expiration of the limitations period.[5]

Nonetheless, Plaintiff's TILA claim against Greenwich and Wells Fargo is barred because it does not relate back to the original complaint.  The issue of whether a proposed amendment to a complaint relates back to a previous complaint is governed by Federal Rule of Civil Procedure Rule 15(c).  Pursuant to Rule 15(c)(3), an amended complaint naming a new party relates back to the filing date of the original complaint only if it arose from the same conduct or transaction, and, within 120 days of the original complaint, the new party had notice of the litigation such that it would not be prejudiced and knew or should have known it was the proper defendant.  *See* Fed.

---

[5] The Court recognizes some inconsistency in Plaintiff's equitable tolling argument.  Plaintiff argues that she could not have become aware of the violations until she was required to make her first non-amortizing payment on August 1, 2006, but she then assumes without explanation that she could not have been on notice of her claims until August 30, 2006 (one year before she filed the instant action).  This one-month discrepancy, however, does not alter the Court's analysis of equitable tolling in the context of a 12(b)(6) motion, particularly since it is doubtful whether the appearance of negative amortization on the statement was sufficient to trigger any immediate duty to act on the part of Plaintiff.

R. Civ. P. 15(c); *G.F. Co. v. Pan Ocean Shipping Co. Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994). The Rule has been interpreted to mean that for "claims asserted against a new defendant to relate back in time to the original complaint, the plaintiff must demonstrate . . . that the new party knew or should have known that the action would have been brought against the party but for a mistake in identity." *Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 507-08 (E.D.N.Y. 2001). The pleading of John Doe defendants does not materially alter this analysis, since "leave to substitute a named defendant for a Doe defendant will be granted only when all subdivisions of Rule 15(c)(3) are satisfied." *Butler v. Robar Enterprises, Inc.*, 208 F.R.D. 621, 623-25 (C.D. Cal. 2002); *see also Wayne v. Jarvis*, 197 F.3d 1098, 1102-04 (11th Cir. 1999) (analyzing motion to amend complaint to substitute named defendant for Doe defendant pursuant to Rule 15(c)(3)); *Baskin v. City of Des Plaines*, 138 F.3d 701, 703-04 (7th Cir. 1998) (same).

Plaintiff fails even to address the relation back doctrine, with which she must comply in order to maintain her TILA claim against Greenwich and Wells Fargo, and there are no factual allegations to suggest that the requirements of the doctrine have been satisfied in this case. Specifically, there is no indication that Greenwich and Wells Fargo had notice of the suit within the 120 day period required by Rule 4(m). *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (affirming dismissal of claims where requirements of relation back doctrine were not satisfied). In addition, even assuming that Plaintiff was not *aware* of Defendants' potential liability for alleged violations of TILA, "lack of knowledge is not a 'mistake'" of the kind required by Rule 15(c)(3). *Butler*, 208 F.R.D. at 623-24 (collecting cases). Accordingly, Plaintiff's addition of Greenwich and Wells Fargo as defendants does not relate back to the potentially timely original complaint, and Plaintiff's TILA claim against Greenwich and Wells Fargo therefore is time-barred.

While it appears doubtful that Plaintiff will be able to satisfy the requirements of Rule 15(c)(3), the Court cannot say with certainty that further amendment would be futile. *Cf. Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (noting that factors constraining district court's discretion to deny leave to amend are not given equal weight, and that futility of amendment alone warrants denial of leave to amend). The Court therefore will grant leave to amend, but

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

observes that Plaintiff quickly is approaching the point of having "repeated[ly] fail[ed] to cure" identified pleading deficiencies. *Cf. United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (noting that denial of leave to amend may be proper where there is a "repeated failure to cure deficiencies by previous amendments").

### B.  Supplemental jurisdiction

While courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id*. § 1367(c)(3).  Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

Because it remains unclear whether the instant action contains any viable federal claims, the Court will defer its ruling on Defendants' motions with respect to the state-law claims and will stay the instant action until it properly may determine whether Plaintiff has stated TILA claims against ComUnity or the moving Defendants.  That determination will allow the Court to assess whether it should exercise supplemental jurisdiction over any of the state-law claims.  *Cf. Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 707, 2008 WL 4516685, at *4 (10th Cir. 2008) (noting that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims," and affirming district court's decision not to exercise supplemental over state-law claims based on alleged TILA violations).  Plaintiff may file an amended complaint not later than twenty days from the date of this order.

1  **IT IS SO ORDERED.**

3  DATED: 5/29/09

                                                                    _____
                                                                    JEREMY FOGEL
                                                                    United States District Judge

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

1  This Order has been served upon the following persons:

2  Andrew L Sandler asandler@buckleysandler.com, kstamato@skadden.com

3  Benjamin B. Klubes bklubes@buckleysandler.com

4  David M. Arbogast darbogast@law111.com, jkerr@law111.com

5  James Matthew Goodin jmgoodin@lockelord.com, docket@lockelord.com, kmorehouse@lockelord.com, ttill@lockelord.com

6

7  Jeffrey K Berns jberns@law111.com, staff@jeffbernslaw.com

8  Jonathan Shub jshub@seegerweiss.com, atorres@seegerweiss.com

9  Lee A. Weiss lweiss@bwgfirm.com

10  Michelle L. Rogers mrogers@buckleysandler.com

11  Nina Huerta nhuerta@lockelord.com, ataylor2@lockelord.com

12  Phillip Russell Perdew rperdew@lockelord.com, docket@lordelord.com, kmorehouse@lockelord.com, ttill@lockelord.com

13  Rebecca Tingey rtingey@bwgfirm.com

14  Richard J. Sahatjian rsahatjian@buckleysandler.com

15  Thomas J. Cunningham tcunningham@lockelord.com, docket@lockelord.com, kmorehouse@lockelord.com, ttill@lockelord.com

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)