**E-Filed 9/29/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARJORIE BROOKS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMUNITY LENDING., INC; RBS FINANCIAL PRODUCTS, INC., f/k/a GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.; RBS ACCEPTANCE CORP., f/k/a GREENWICH CAPITAL ACCEPTANCE, INC.; GMAC MORTGAGE, LLC; and WELLS FARGO BANK, N.A., as Trustee of the Harborview Mortgage Loan Trust 2006-2010,<br><br>Defendants. | Case Number C 07-4501 JF (RS)<br><br>**ORDER[1] GRANTING MOTIONS TO DISMISS**<br><br>RE: Docket Nos. 114, 116 |

In this putative consumer class action, Plaintiff Marjorie Brooks alleges violations of the federal Truth in Lending Act ("TILA") and state-law claims for unfair business practices and

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

fraudulent omissions. She alleges that Defendants ComUnity Lending, Inc. ("ComUnity"); RBS Financial Products, Inc. (formerly known as Greenwich Capital Financial Products, Inc.) and RBS Acceptance Corp. (formerly known as Greenwich Capital Acceptance, Inc.) (collectively "RBS"); GMAC Mortgage, LLC ("GMAC"); and Wells Fargo Bank ("Wells Fargo") (collectively, with the exception of ComUnity,[2] "Defendants") failed to disclose important information about her residential mortgage in the clear and conspicuous manner required by law. Defendant ComUnity originated Plaintiff's loan in 2006. The loan subsequently was sold to RBS, transferred to Wells Fargo in trust, and serviced by GMAC.[3]

On February 3, 2009, the Court granted Defendants' motions to dismiss Plaintiff's Third Amended Complaint on the ground that the complaint lacked any allegations explaining why Plaintiff's TILA claims–the only claims giving rise to original federal jurisdiction–were timely as to Defendants. Plaintiff filed a Fourth Amended Complaint on March 5, 2009. On May 29, 2009, the Court again granted Defendants' motion to dismiss Plaintiff's TILA claims on timeliness grounds. The Court found that Plaintiff's Fourth Amended Complaint failed to demonstrate that, even if the statute of limitations were equitably tolled, Plaintiff had satisfied the requirements of the relation back doctrine as to her claims against RBS and Wells Fargo. The Court again dismissed Plaintiff's TILA claims with leave to amend and deferred determination as to whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. In its order, the Court observed that Plaintiff "quickly [was] approaching the point of having 'repeated[ly] fail[ed] to cure' identified pleading deficiencies." (Order Granting Mot. to Dismiss, May 25, 2009, 8: 1-2 (citation omitted).)

On June 18, 2009, Plaintiff filed the operative Fifth Amended Complaint ("FAC").

---

[2] ComUnity filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California on January 4, 2008, requiring a stay of Plaintiff's action against ComUnity.

[3] On July 16, 2009, the Court, pursuant to stipulation of the parties, dismissed both Defendant GMAC and Plaintiff's state-law claims for breach of contract and tortious breach of the covenant of good faith and fair dealing without prejudice. (*See* Order Dismissing Def. GMAC Mortgage, LLC and Counts Four and Five of Pl.'s Fifth Am. Class Action Compl.)

2

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

Defendants RBS and Wells Fargo now move to dismiss this sixth attempt for failure to state a claim. As explained below, Plaintiff still has not demonstrated that her TILA claims against the moving Defendants are timely, and those claims accordingly will be dismissed. Because Plaintiff has had numerous opportunities to cure this "identified pleading deficiency," but has consistently failed to do so, the Court will dismiss the TILA claims with prejudice. As the Court's jurisdiction over Plaintiff's state-law claims against the moving Defendants depends on the viability of a federal claim, the Court is inclined to dismiss those claims for lack of jurisdiction. However, because the parties have not addressed the potential applicability of the Class Action Fairness Act, 28 U.S.C. § 1332(d) (2005), the Court will defer its determination as to those claims pending supplemental briefing.

## I. BACKGROUND

In May 2006, Plaintiff obtained an Option Adjustable Rate Mortgage ("Option ARM") from ComUnity. The terms of the mortgage are contained in the Adjustable Rate Note ("Note") executed by Plaintiff in connection with the loan. A central feature of the loan is its early interest rate adjustment. While the interest rate on the loan is pegged to a variable index and changes over time, the loan offered a low initial interest rate of 1%, which resulted in an initial minimum monthly payment of $1,193.78.[4] After one month, the interest rate increased substantially from the low initial rate of 1% to the substantially higher index-based rate, which was and continues to be calculated by adding a 3.5% margin to an indexed figure.

Despite the almost immediate rise in the applicable interest rate, Plaintiff's minimum monthly payment remained level because the Note permits only one annual increase to the minimum monthly payment. In addition, the Note provides for the exercise of a "payment cap" on the amount of each such annual increase to the minimum monthly payment, limiting that increase to 7.5%. However, if the loan's unpaid principal balance reaches 115% of its original value, the payment cap no longer applies and the remaining principal is paid off in equal monthly payments over the remaining term of the loan. Because the initial monthly payment was based

---

[4] This amount is equal to the monthly payment on a fully amortized thirty-year loan with a 1% interest rate.

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

on a 1% interest rate and did not rise with the actual interest rate that was charged, Plaintiff's mortgage began to accrue interest each month in an amount greater than the amount of her monthly payment. The remaining interest was added to the balance of unpaid principal and itself began accumulating interest. Consequently, the principal balance has increased even as Plaintiff has made the minimum monthly payment. This situation is known as negative amortization, the result of which is an ultimate reduction in the borrower's equity.

In connection with the loan transaction, Plaintiff received a federally mandated Truth in Lending Disclosure Statement ("Statement") and a Loan Program Disclosure ("Disclosure") with information specific to the loan she was considering. The Statement specifies that the annual percentage rate ("APR") on the mortgage is 8.406%. The Statement also includes a schedule of estimated payments ("Payment Schedule") based in part on the initial 1% interest rate and in part on the subsequent index-based rate. The Payment Schedule lists an initial minimum payment of $1,193.78 that increases by 7.5% on July 1 of each year. In the fifth year, the payment increases to $3,009.16, which apparently reflects the point at which the principal balance exceeds 115% of its original value as a result of negative amortization, thus overriding the payment cap. The Payment Schedule assumes that Plaintiff will make only the minimum monthly payment.

Plaintiff claims that the loan documents failed clearly and conspicuously to disclose the interest rate structure applicable to her loan and the consequent certainty that negative amortization would occur if she made only the minimum payments. On this basis, Plaintiff alleges multiple violations of TILA's implementing regulations, contained in Title 12 of the Code of Federal Regulations ("Regulation Z"). Specifically, she claims that Defendants violated 12 C.F.R. § 226.19 by failing adequately to disclose (1) that negative amortization was certain to occur if Plaintiff followed the Payment Schedule and (2) the interest rate underlying the Payment Schedule. Plaintiff claims that Defendants violated 12 C.F.R. §§ 226.17 & 226.18 by failing adequately to disclose: (1) the interest rate underlying the Payment Schedule, (2) that the initial interest rate on the loan was discounted, and (3) the actual interest rate. Plaintiff also alleges that Defendants committed unlawful, unfair, and fraudulent business practices in violation of § 17200 of the California Business and Professions Code, and committed fraud by failing adequately to

4

make the foregoing disclosures.

## II. LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

**A.    Timeliness of TILA claims**

RBS and Wells Fargo[5] argue that Plaintiff's TILA claims are barred by the applicable one-year statute of limitations, which begins to run when the transaction underlying the alleged violation is "consummated." *See King v. California*, 784 F.2d 910, 915 (9th Cir.1986); *see also* 15 U.S.C. § 1640(e). In the instant case, Plaintiff's TILA claims arose at the latest at the closing of her mortgage transaction on May 19, 2006. Plaintiff did not file the instant action until August

---

[5] Wells Fargo joins in the argument of RBS with respect to the timeliness of Plaintiff's TILA claims.

5

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

30, 2007, more than one year from the date she and Defendant consummated the transaction, and did not file an amended complaint including claims against RBS and Wells Fargo until September 30, 2008, more than twenty-eight months from the consummation date. Thus, the one-year time limit of § 1640(e) has expired as to those defendants. In order adequately to plead that her claims are timely, Plaintiff must allege facts supporting equitable tolling of her original complaint, and facts demonstrating that her later amended complaint naming Defendants relates back to the original complaint.

### 1. Equitable Tolling[6]

The Ninth Circuit has held that TILA's remedial purpose authorizes equitable tolling of the limitations period in appropriate circumstances. *King*, 784 F.2d at 915. Such circumstances exist where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2002). In such a case, the limitations period may be extended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006). A motion to dismiss on statute of limitations grounds should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Plascencia v. Lending 1st Mortgage*, 583 F. Supp.

---

[6] Section III.A.1 of this order mirrors the Court's equitable tolling analysis in its order of May 25, 2009, granting defendants' motions to dismiss. As the Court noted at that time, " The Court recognizes some inconsistency in Plaintiff's equitable tolling argument. Plaintiff argues that she could not have become aware of the violations until she was required to make her first non-amortizing payment on August 1, 2006, but she then assumes without explanation that she could not have been on notice of her claims until August 30, 2006 (one year before she filed the instant action). This one-month discrepancy, however, does not alter the Court's analysis of equitable tolling *in the context of a 12(b)(6) motion*, particularly since it is doubtful whether the appearance of negative amortization on the statement was sufficient to trigger any immediate duty to act on the part of Plaintiff." (Order Granting Mot. to Dismiss, May 25, 2009, 6 n.5 (emphasis added).)

6

2d 1090, 1097 (N.D. Cal. 2008) (quoting *Durning v. First Boston Corp.*, 815 F.2d 1265, 1278 (9th Cir. 1987)); *Ford v. Wells Fargo Home Mortg.*, No. 08-4276 SC, 2008 WL 5070687, at *4-5 (N.D. Cal. Dec. 1, 2008) (declining to grant motion to dismiss on statute of limitations grounds because "factual allegations in the Complaint, construed in a light most favorable to Plaintiffs, might give rise to tolling of the statute").

In the instant case, Plaintiff alleges that the loan documents provided by ComUnity did not disclose clearly that ComUnity intended to increase the interest rate applicable to Plaintiff's loan after only thirty days. Plaintiff also alleges that the loan documents did not disclose clearly the certainty that negative amortization would occur if Plaintiff followed the Payment Schedule provided in the Statement. The allegations in the complaint are sufficient to raise questions about the reasonableness of Plaintiff's ignorance of her TILA claims until after the expiration of the limitations period.

**2.     Relation Back**

However, even accepting that the statute of limitations was tolled as to Plaintiff's TILA claims against ComUnity, Plaintiff's TILA claims against RBS and Wells Fargo are barred unless Plaintiff can show that her Second Amended Complaint, which was the first pleading to name RBS and Wells Fargo, "relates back" to the date the original complaint was filed, August 30, 2007. The issue of whether a proposed amendment to a complaint relates back to a previous complaint is governed by Federal Rule of Civil Procedure Rule 15(c). Rule 15(c)(1) provides that an amended complaint naming a new party relates back to the filing date of the original complaint only if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) [120 days] for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

7

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Defendants do not contend that Plaintiff has failed to satisfy Rule 15(c)(1)(A) or (B). Defendants do, however, argue persuasively that Plaintiff has failed to satisfy either requirement of Rule 15(c)(1)(B).

### a. Notice

Plaintiff's Fifth Amended Complaint alleges no facts supporting a conclusion that RBS or Wells Fargo actually received notice of Plaintiff's suit within the 120-day period specified by Rule 4(m). Instead, Plaintiff alleges that RBS and Wells Fargo had constructive notice of the suit as of October 26, 2007, the date on which ComUnity was served Plaintiff's First Amended Complaint, because of Defendants' business relationships with ComUnity and with one another. With respect to RBS, Plaintiff contends that the Court should impute notice of the suit to RBS based on RBS's Mortgage Loan Purchase and Sale Agreement ("PSA") with ComUnity. The PSA contained a provision requiring ComUnity to notify RBS "[p]romptly upon becoming aware" of "commencement of, or any determination in, any legal, judicial or regulatory proceedings." (FAC, 24: 5-6.) With respect to Wells Fargo, Plaintiff argues that the Court should impute notice based on RBS Financial Products' duty to give notice to Greenwich Capital Acceptance ("GCA," now known as RBS Acceptance Corp.) and GCA's corresponding duty "to give prompt notice to Wells Fargo upon the discovery of a breach of any of the representations and warranties made by ComUnity in the PSA that materially adversely affects such mortgage loans or the interests of the related certificateholders in such mortgage loans." (FAC, 24: 12-15.)

Plaintiff does not allege that Defendants actually received notice, and Plaintiff's argument that Defendants were on constructive notice of the suit within the statutorily required period is unavailing. The Ninth Circuit has held that notice to a named defendant will be imputed to an unnamed defendant where there exists a "community of interest" between the parties. *See, e.g., G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498 (9th Cir. 1994). However, such a

8

community, or identity, of interests exists between two companies only when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 854 (D. Ariz. 1999) (quoting *G.F.*, 23 F.3d at 1053 (citations omitted)). As the court in *Brink* noted, "That definition applies to a situation in which notice to a subsidiary is imputed to a parent corporation." *Id.*

Plaintiff does not allege that there is a parent-subsidiary or other similarly close business relationship between either RBS or Wells Fargo and ComUnity. Plaintiff argues instead that the Court should impute notice to RBS and Wells Fargo because the named defendant in the original action, ComUnity, was contractually obligated to put RBS on notice of the suit and RBS was required to give Wells Fargo notice of any ComUnity breach of representation or warranty.[7] In the absence of allegations supporting a finding of the kind of "community of interest" the Ninth Circuit has found sufficient for constructive notice, Plaintiff cannot satisfy Rule 15(c)(1)(C)(i). Morever, because Plaintiff does not allege *at all* that Defendants received actual notice, even the liberal standard applicable to motions under Rule 12(b)(6) does not save her claims.

Because Plaintiff has failed to allege sufficiently that either RBS or Wells Fargo had actual or constructive notice of the action at all before they were named in the September 30, 2008, Third Amended Complaint–let alone within the required 120-day period–the Court will dismiss Plaintiff's FAC.

      **b.**    **Mistake**

Even if she could satisfy the requirements of Rule 15(c)(1)(C)(i) regarding notice, Plaintiff still would have to satisfy subsection (ii), which requires that the unnamed defendant or defendants "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis

---

[7] Plaintiff also alleges, in the alternative, that notice should be imputed because the Defendants are all agents of one another. Plaintiff supports this argument with little more than her own conclusory statement that this relationship exists. As Plaintiff alleges no facts supporting this assertion, the Court finds this argument unconvincing.

added). Plaintiff fails adequately to allege facts regarding this requirement as well, alleging only that the identities of RBS and Wells Fargo "were exclusively within the control of ComUnity." (FAC, 23: 6-7.)

On this point, the Court's explanation in its May 25th Order still holds: "[E]ven assuming that Plaintiff was not *aware* of Defendants' potential liability for alleged violations of TILA, 'lack of knowledge is not a "mistake"' of the kind required by Rule [15(c)(1)(C)(ii), formerly Rule 15(c)(3)(B))]. *Butler* [*v. Robar Enters., Inc.*], 208 F.R.D. [621,] [] 623-24 [(C.D. Cal. 2002)] (collecting cases)." (Order Granting Mot. to Dismiss, May 25, 2009, 8: 18-20 (emphasis added).); *see also Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) ("[F]or a 'John Doe' defendant, there was no mistake in identifying the correct defendant; rather the problem was not being able to identify that defendant.") As Plaintiff has alleged no other mistake in her most recent pleading, it too fails to meet this requirement for relation back.

### 3. Dismissal with Prejudice

The Court has twice dismissed Plaintiff's TILA claims against the moving Defendants for failure adequately to allege facts supporting the timeliness of the claims. In the most recent dismissal, the Court warned the Plaintiff that she was "quickly . . . approaching the point of having 'repeated[ly] fail[ed] to cure' identified pleading deficiencies." (Order Granting Mot. to Dismiss, May 25, 2009, 8: 1-2 (citation omitted).) Because Plaintiff has not heeded this warning, and because the Court finds further amendment would be futile in overcoming the timeliness hurdle, the Court will dismiss Plaintiff's TILA claims against the moving Defendants with prejudice. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (noting that factors constraining district court's discretion to deny leave to amend are not given equal weight, and that futility of amendment alone warrants denial of leave to amend).

**B.     Plaintiff's Remaining State Claims**

### 1. Supplemental jurisdiction

While courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. §

10

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id*. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

Following this order, the instant action no longer will contain any viable federal claims against the moving Defendants. Because the Court finds that, in the absence of an "anchor" federal claim, none of the traditional considerations weigh in favor of exercising jurisdiction over Plaintiff's state-law claims against RBS and Wells Fargo, at present the Court is not inclined to do so.

### 2. Class Action Fairness Act of 2005

At oral argument, the parties discussed for the first time the applicability of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) (2005), ("CAFA") to Plaintiff's state claims. If CAFA does confer federal jurisdiction over Plaintiff's remaining state-law claims, the Court will retain them. Counsel shall submit letter briefs addressing the applicability of CAFA as set forth below.

### IV. Conclusion

Good cause therefor appearing, Defendants' motions to dismiss Plaintiff's TILA claims are granted, without leave to amend. Counsel shall submit letter briefs addressing the applicability of CAFA to Plaintiff's remaining claims within seven (7) days of the issuance of this order. In the interim, Defendants' motions to dismiss Plaintiff's state-law claims will be held in abeyance.

//

//

//

1  **IT IS SO ORDERED.**

2  DATED: 9/29/09

4  _____
   JEREMY FOGEL
5  United States District Judge

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)

1 | This Order has been served upon the following persons:

2 | Andrew L Sandler asandler@buckleysandler.com, kstamato@skadden.com

3 | Benjamin B. Klubes bklubes@buckleysandler.com

4 | David M. Arbogast darbogast@law111.com, jkerr@law111.com

5 | James Matthew Goodin jmgoodin@lockelord.com, docket@lockelord.com, kmorehouse@lockelord.com, ttill@lockelord.com

7 | Jeffrey K Berns jberns@law111.com, staff@jeffbernslaw.com

8 | Jonathan Shub jshub@seegerweiss.com, atorres@seegerweiss.com

9 | Lee A. Weiss lweiss@bwgfirm.com

10 | Michelle L. Rogers mrogers@buckleysandler.com

11 | Nina Huerta nhuerta@lockelord.com, ataylor2@lockelord.com

12 | Phillip Russell Perdew rperdew@lockelord.com, docket@lordelord.com, kmorehouse@lockelord.com, ttill@lockelord.com

13 | Rebecca Tingey rtingey@bwgfirm.com

14 | Richard J. Sahatjian rsahatjian@buckleysandler.com

15 | Thomas J. Cunningham tcunningham@lockelord.com, docket@lockelord.com, kmorehouse@lockelord.com, ttill@lockelord.com

13

Case No. C 07-4501 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS
(JFLC3)