LOCKE LORD BISSELL & LIDDELL LLP
Thomas J. Cunningham (SBN 263729)
tcunningham@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:  213-485-1500
Facsimile:  213-485-1200

P. Russell Perdew (*pro hac vice*)
pperdew@lockelord.com
J. Matthew Goodin (*pro hac vice*)
mgoodin@lockelord.com
111 South Wacker Drive
Chicago, IL 60606
Telephone:  312-443-0472
Facsimile:  312-896-6472

Attorneys for Defendant
WELLS FARGO BANK, N.A., AS TRUSTEE OF THE
HARBORVIEW MORTGAGE LOAN TRUST 2006-10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| MARJORIE BROOKS, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMUNITY LENDING, INC., RBS FINANCIAL PRODUCTS, INC., f/k/a GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., GREENWICH CAPITAL ACCEPTANCE, INC., GMAC MORTGAGE, LLC, WELLS FARGO BANK, N.A., AS TRUSTEE OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-10 and DOES 5 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:07-cv-04501-JF<br><br>CLASS ACTION<br><br>Hon. Jeremy Fogel<br><br>**DEFENDANT WELLS FARGO, N.A., AS TRUSTEE OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-10'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>ORAL ARGUMENT REQUESTED<br><br>Date:        January 29, 2010<br>Time:       9:00 a.m.<br>Place:       Courtroom 3, 5th Floor<br>                 San Jose Courthouse |

i

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 29, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant Wells Fargo Bank, N.A., as Trustee of the Harbor View Mortgage Loan Trust 2006-10 (the "Trust") will bring for hearing before the Honorable Jeremy Fogel, United States District Judge, in Courtroom 3 of the United States Courthouse located at 280 South First Street, San Jose, California, a Motion to Dismiss the Sixth Amended Class Action Complaint ("SAC") filed by Plaintiff Marjorie Brooks ("Plaintiff") with prejudice, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Plaintiff fails to state a claim for fraudulent omissions or any violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* ("UCL") because the Trust had no involvement in Plaintiff's loan transaction, and thus had no duty or even ability to make the disclosures that Plaintiff claims should have been made. Further, Plaintiff cannot allege that she justifiably relied on any acts or omissions of the Trust, and both claims must be dismissed for this additional reason. Plaintiff has also failed to allege any facts to support the imposition of vicarious liability against the Trust. Finally, Plaintiff's claims are preempted by the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), and its implementing regulations.

This Motion is also based on the incorporated Memorandum of Points and Authorities, the Memorandum of Points and Authorities filed by RBS Financial Products, Inc. and RBS Acceptance Corp., the additional documents filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated: November 24, 2009      LOCKE LORD BISSELL & LIDDELL LLP

By  /s/ P. Russell Perdew
         P. Russell Perdew

Attorneys for Defendant
WELLS FARGO BANK, N.A., AS TRUSTEE OF
THE HARBORVIEW MORTGAGE LOAN TRUST
2006-10

**STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to Civil Local Rule 7-4(a)(3), the Trust sets forth the following Statement of Issues to Be Decided:

1. Can the Trust be held liable for alleged fraudulent omissions or UCL violations in connection with loan disclosures provided to Plaintiff where the Trust had no involvement with those disclosures?

2. Has Plaintiff adequately pled any theory of vicarious liability against the Trust?

3. Did the disclosures that ComUnity provided to Plaintiff comply with TILA, so as to preempt Plaintiff's claims in this case?

4. Are Plaintiff's claims otherwise preempted by TILA?

iii

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

RELEVANT FACTS AND ALLEGATIONS..............................................................................1

ARGUMENT ..................................................................................................................................3

    I.    PLAINTIFF FAILS TO STATE A FRAUDULENT OMISSION OR UCL CLAIM AGAINST THE TRUST........................................................................3

        A.    The Trust Had No Duty or Ability to Disclose. ....................................4

        B.    Plaintiff Could Not Have Justifiably Relied On The Trust. ................6

        C.    Plaintiff Has Not Adequately Pled Vicarious Liability. ......................6

    II.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY TILA. ................................8

CONCLUSION.............................................................................................................................12

iv

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amparan v. Plaza Home Mortgage*
No. 07-4498 JF, 2008 WL 5245497 (N.D. Cal. Dec. 17 2008) ....................................................... 8

*Ashcroft v. Iqbal*
129 S.Ct. 1937 (2009) ................................................................................................................... 3

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955 (2007) ................................................................................................................... 3

*Doe I v. Wal-Mart Stores, Inc.*
572 F.3d 677 (9th Cir. 2009) ......................................................................................................... 3

*Doe v. Texaco, Inc.*
2006 WL 2053504 (N.D. Cal. 2006) ............................................................................................. 6

*Falk v. Gen. Motors Corp.*
496 F. Supp. 2d 1088 (N.D. Cal. 2007) ......................................................................................... 7

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001) ....................................................................................................... 11

*Mandrigues v. World Savings, Inc.*
No. 5:07-cv-04497-JF, 2009 WL 160213 (N.D. Cal. Jan. 20, 2009) ............................................ 9

*Marcelos v. Dominguez*
2008 WL 1820683 (N.D. Cal. April 21, 2008) ............................................................................. 7

*Mincey v. World Savings Bank*
No. 07-3762-PMD, 2008 WL 3845438 (D.S.C. Aug. 15, 2008) ................................................ 10

*Moss v. U.S. Secret Serv.*
572 F.3d 962 (9th Cir. 2009) ......................................................................................................... 3

*Perfect 10, Inc. v. VISA Int'l Serv. Ass'n.*
494 F.3d 788 (9th Cir. 2007) ......................................................................................................... 7

*Ralston v. Mortgage Investors Group, Inc.*
No. 08-536 JF, 2009 WL 688858 (N.D. Cal. March 16, 2009) .................................................... 8

*Smith v. Anderson*
801 F.2d 661 (4th Cir. 1986) ......................................................................................................... 9

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ......................................................................................................... 3

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) ......................................................................................................... 7

*Szumny v. Am. Gen. Fin., Inc.*
246 F.3d 1065 (7th Cir. 2001) ....................................................................................................... 4

*Velazquez v. GMAC Mortgage Corp.*
605 F. Supp. 2d 1049 (C.D. Cal. 2008) .................................................................................... 9, 10

v

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ............................................................................................. 7

*White v. Homefield Financial, Inc.*
  545 F. Supp. 2d 1159 (W.D. Wash. 2008) ......................................................................... 5

**State Cases**

*Emery v. Visa Int'l Serv. Ass'n*
  95 Cal. App. 4th 952 (Cal. Ct. App. 2002) ......................................................................... 7

*Goodman v. Kennedy*
  18 Cal. 3d 335 (Cal. 1976) ................................................................................................. 5

*LiMandri v. Judkins*
  52 Cal. App. 4th 326 (Cal. Ct. App. 1997) ......................................................................... 5

*Linear Tech. Corp. v. Allied Materials, Inc.*
  152 Cal. App. 4th 115 (Cal Ct. App. 2007) ........................................................................ 5

**Federal Statutes**

15 U.S.C. § 1602(f) ..................................................................................................................... 4

15 U.S.C. § 1631(a) .................................................................................................................... 4

15 U.S.C. § 1641(a) .................................................................................................................... 4

**Federal Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................................... 7

**Federal Regulations**

12 C.F.R. § 226.17(b) ................................................................................................................. 4

12 C.F.R. § 226.17(c)(1) ............................................................................................................. 9

12 C.F.R. Part 226, Supp. I ............................................................................................. 9, 10, 11

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

## MEMORANDUM OF POINTS AND AUTHORITIES

This case arises out of a home mortgage loan that Plaintiff Marjorie Brooks obtained from Defendant ComUnity Lending. Plaintiff alleges that ComUnity failed to disclose certain information about the terms of her loan.

Based on ComUnity's alleged failure to disclose, Plaintiff attempts to assert fraudulent omission and UCL claims against Defendant Wells Fargo Bank, N.A., as Trustee of the Harbor View Mortgage Loan Trust 2006-10 (the "Trust"). The Trust's only alleged connection to Plaintiff's loan, though, is the fact that the Trust is the current holder of Plaintiff's loan, which was sold by ComUnity to other entities before ultimately being sold to the Trust. The Trust is not alleged to have had any involvement with Plaintiff's loan transaction. Indeed, the Trust is not alleged to have ever had any communications or dealings with either Plaintiff or ComUnity, or to have even existed when Plaintiff's loan closed.

Given that the Trust had no involvement with Plaintiff's loan transaction, Plaintiff's disclosure-based claims against it fail for numerous reasons. First, Plaintiff has not pled any facts showing that the Trust had a duty of disclosure, or even any ability to make the disclosures that Plaintiff claims should have been made. Plaintiff has also failed to plead any facts indicating that she could have justifiably relied on the Trust to make disclosures regarding Plaintiff's loan, given that the Trust was a complete stranger to her loan transaction. Plaintiff has also failed to plead any facts supporting any sort of vicarious liability against the Trust. Finally, Plaintiff's claims are also preempted by the federal Truth in Lending Act ("TILA"), both because the disclosures that Plaintiff received comply with TILA, and for the reasons stated in the RBS Defendants' Motion to Dismiss.

For any of these reasons, Plaintiff's Sixth Amended Complaint ("SAC") should be dismissed with prejudice.

## RELEVANT FACTS AND ALLEGATIONS

Plaintiff's SAC alleges that she "entered into an Option ARM loan agreement with ComUnity" on May 19, 2006. (SAC ¶ 2). Plaintiff alleges that ComUnity failed to disclose important information about her loan prior to her loan closing. (SAC ¶¶ 1, 19-33). Plaintiff alleges

1

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al., Case No. 5:07-cv-04501-JF*

that "[b]y the time this material information was disclosed to Plaintiff and Class members, they were 'locked' into the loan by a draconian prepayment penalty. . ." (SAC ¶ 25).

After closing, Plaintiff's loan was sold by ComUnity to one of the RBS Defendants, which then sold Plaintiff's loan to the second RBS Defendant. (*Id.*) The Trust is alleged to be the current holder of Plaintiff's loan. (*Id.*)

The SAC describes the Trust's role in relation to Plaintiff's loan as follows:

> 6. Wells Fargo is the Trustee for the Harborview Trust, which is the trust into which RBS Acceptance placed Plaintiff's Option ARM Loan and the Option ARM loans of other Class members. Wells Fargo was a critical and necessary participant in the securitization process because RBS Acceptance assigned Plaintiff's and Class members' loans to Wells Fargo to hold in trust for the benefit of the security holders.
>
> 65. The November 10, 2006 Prospectus Supplement for the Harborview trust ("Harborview Trust Prospectus Supplement") provides that Wells Fargo, the Trustee of the Harborview Trust is responsible for, among other things, (1) monitoring the servicer's performance and enforcing the servicer's obligations under the serving agreement; (2) upon the failure of the servicer to make advances with respect to a mortgage loan, making these advances to the extent provided for in the pooling and servicing agreement; and (3) receiving amounts representing collections and payments with respect to the mortgage loans from the servicer for deposit, and making monthly distributions to certificate holders on each distribution date.
>
> 66. The Harborview Trust Prospectus further states that in conjunction with RBS Financial's acquisition of certain residential mortgages from ComUnity, including Plaintiff's Option ARM loan, RBS Acceptance, the "depositor," executed a mortgage loan purchase agreement to transfer the loans to itself. RBS Acceptance then assigned the mortgage loans to Wells Fargo, as trustee of the Harborview Trust, and Wells Fargo delivered the securities to RBS Acceptance in exchange for the benefit of the security holders.

(SAC ¶¶ 65-66). In other words, the Trust is alleged to hold Plaintiff's note, to receive payments made to and passed along by the loan servicer, and to disburse the payments to beneficiaries of the Trust. These are the only allegations directed at the Trust that relate to Plaintiff's loan. The Trust is not alleged to have had any involvement whatsoever in the origination of Plaintiff's loan or in the disclosures provided for Plaintiff's loan, and is not alleged to have had any contact with Plaintiff, or ComUnity, at any time.

Despite the Trust's very limited *ex post* role in Plaintiff's loan transaction, Plaintiff attempts to conflate the roles of "Defendants" throughout the SAC. (*See*, *e.g.*, SAC ¶ 11) ("Defendants were engaged in the business of originating, selling, servicing, and/or owning, … the Option ARM loans

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

that are the subject of this Complaint…"). The Trust, however, is not alleged to have originated Plaintiff's (or any Class member's) loan and is not alleged to be a party to any agreement with ComUnity. Indeed, the Trust is not alleged to have even *existed* at the time Plaintiff's loan transaction closed.[1]

## ARGUMENT

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see*, *e.g.*, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). The Ninth Circuit has summarized the governing standard, in light of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

For the reasons set forth below, Plaintiff's SAC should be dismissed with prejudice.

## I. PLAINTIFF FAILS TO STATE A FRAUDULENT OMISSION OR UCL CLAIM AGAINST THE TRUST.

Plaintiff's fraudulent omission and UCL claims are based on allegedly-inadequate disclosures she received from ComUnity prior to her loan closing. Plaintiff alleges no facts establishing how the Trust, which had no involvement in that transaction, should be liable for the alleged acts or omissions of ComUnity. Specifically, Plaintiff alleges no facts indicating that the Trust had any duty (or ability) to make disclosures regarding the terms of her loan. Plaintiff has also

---

[1] In fact, it did not. The Trust was not created until October 2006.

3

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al., Case No. 5:07-cv-04501-JF*

1 failed to allege how she could have justifiably relied on any acts or omissions of the Trust in entering into her loan, given the Trust's lack of involvement in her loan transaction.  Plaintiff also does not allege any facts to support any kind of vicarious liability against the Trust.

In short, Plaintiff simply cannot connect her allegations regarding fraudulent omissions and UCL violations to anything the Trust did or should have done, and the SAC should be dismissed as to the Trust.

### A. The Trust Had No Duty or Ability to Disclose.

Plaintiff's fraudulent omission claim is based in part on the Trust's alleged duty to disclose "under TILA."  (SAC ¶ 76).  But TILA imposes no duty to disclose on subsequent assignees such as the Trust.  TILA only requires the initial creditor (here, ComUnity) to make disclosures.  15 U.S.C. § 1631(a) ("a creditor . . . shall disclose . . . the information required under this subchapter.").  The "creditor" under TILA is the entity "to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness."  *See* 15 U.S.C. § 1602(f).  Thus, ComUnity is the "creditor" on whom TILA imposes disclosure obligations.  (SAC, Ex. 1 p. 1).  Because the Trust was not the creditor, and did not become involved until after Plaintiff's loan closed, TILA imposed no duty on the Trust to make any disclosures to Plaintiff.

While a subsequent assignee can face TILA liability for a creditor's disclosure violations under limited circumstances, TILA imposes no ***duty*** to disclose upon subsequent assignees.  15 U.S.C. § 1641(a).  Thus, assignee liability under TILA does not mean that an assignee violated TILA.  Indeed, given that TILA disclosures must be made before a loan closes, the Trust had no ability to make TILA disclosures in any event.  12 C.F.R. § 226.17(b) ("*Time of disclosures*.  The creditor shall make disclosures before consummation of the transaction."); *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1070 (7th Cir. 2001) ("TILA … requires disclosure of certain terms and conditions of credit before consummation…").  Therefore, even if the Trust could have been held liable under TILA for ComUnity's alleged inadequate disclosures, that does not mean that the Trust had any duty to disclose under TILA.[2]

---

[2] Moreover, the only liability that TILA imposes on an assignee is ***TILA*** liability—*i.e.*, the remedies afforded by the statute.  This does not create a basis for asserting ***other claims*** against an assignee for a creditor's allegedly inadequate disclosures, made before the assignee became involved in the

4

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

Plaintiff also fails to plead facts establishing a basis for any common law duty to disclose owed by the Trust to Plaintiff. *See Linear Tech. Corp. v. Allied Materials, Inc.*, 152 Cal. App. 4th 115, 132-33 n.7 (Cal Ct. App. 2007) (no general duty to disclose exists where a "statute does not provide a basis for requiring disclosure"); 5 WITKIN, SUMMARY OF CALIFORNIA LAW, TORTS § 794, at 1149 (10th ed. 2005) (explaining that for failure to disclose to be actionable, defendant must be in a "fiduciary or other confidential relationship that imposes a duty of disclosure"). Where, as here, no fiduciary relationship is alleged, there must be "some other relationship between the plaintiff and defendant in which a duty to disclose can arise." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37 (Cal. Ct. App. 1997). Indeed, even "where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is *some relationship* between the parties which gives rise to a duty to disclose such known facts." *Id.* at 337 (emphasis in original, citation omitted). Plaintiff must plead specific facts to demonstrate the relationship called for by *LiMandri* as to each of the Defendants. *See*, *e.g.*, *id.* at 336-37 (rejecting a nondisclosure claim, finding that plaintiff had not alleged any relationship with defendant "that would give rise to a duty to disclose"); *Goodman v. Kennedy*, 18 Cal. 3d 335, 346 (Cal. 1976) (reasoning that the validity of a fraudulent omissions claim "depends on the allegations that would establish some duty of disclosure on the part of the defendant"). Here, Plaintiff fails to plead any relationship between the Trust and Plaintiff, let alone the specific facts necessary to establish a common law duty to disclose.

The Trust also simply had no ability to make the disclosures that Plaintiff claims should have been made. Plaintiff's claims are based on allegedly inadequate disclosures and omissions that took place before Plaintiff's loan closed. (*See*, *e.g.*, SAC ¶¶ 94-95) (describing alleged inadequate disclosures made "During the loan application process…"). The Trust, however, is not alleged to have had any involvement in the loan application process, and thus had no ability to make any disclosures at that time. Indeed, the Trust is not even alleged to have existed at that time.

---

transcription. *See*, *e.g.*, *White v. Homefield Financial, Inc.*, 545 F. Supp. 2d 1159, 1165 (W.D. Wash. 2008) ("liability of an assignee under TILA is limited to violations of TILA").

5

Because Plaintiff has pled no facts establishing that the Trust had any duty or ability to make the disclosures that Plaintiff claims should have been made, Plaintiff's fraudulent omission and UCL claims must be dismissed as to the Trust.

### B. Plaintiff Could Not Have Justifiably Relied On The Trust.

Plaintiff also cannot plead the requisite justifiable reliance/causation necessary to sustain her fraudulent omissions and UCL claims. Justifiable reliance is a basic element of Plaintiff's fraudulent omissions claim. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 808 (Cal. Ct. App. 2007) ("Claims for fraud by omission are also subject to the requirement of actual reliance.") Likewise, "[t]he 'as a result of' language in the [UCL] statute means that, for a plaintiff to state a claim, he or she must allege that they relied upon the defendant's acts of unfair competition and, as a result, suffered injury in fact." *Doe v. Texaco, Inc.*, 2006 WL 2053504, at *8 (N.D. Cal. 2006).

Here, Plaintiff could not have justifiably relied on the Trust to disclose information before their loan closed as the Trust was not involved with the loan—and, indeed, did not even exist—at that time. There are no allegations that the Plaintiff ever had any communications with the Trust, or even knew what the Trust was before this lawsuit was filed. The Plaintiff may have relied upon ComUnity to provide material disclosures, but, as a matter of law, she could not have justifiably relied upon a complete stranger to her transaction, that was unknown to her and did not exist, for such disclosures. The fraudulent omission and UCL claims fail for this additional reason. *See Buckland*, 155 Cal.App.4th at 808 (affirming demurrer to fraudulent omission claim and holding that "[b]ecause these claims do not involve affirmative misrepresentations . . . actual reliance for the purpose of fraud by omission occurs only when the plaintiff reposes confidence in the material completeness of the defendant's representations, and acts upon this confidence.")

### C. Plaintiff Has Not Adequately Pled Vicarious Liability.

Plaintiff has clearly failed to state a direct claim for fraudulent omission or a UCL violation against the Trust. She also fails in her attempt to impose any sort of vicarious liability against the Trust. Plaintiff makes broad and vague allegations such as "Defendants, and each of them, actively and knowingly participated in this systematic scheme and otherwise conspired to sell the subject Option ARM loans. . ." and "ComUnity, RBS, Wells Fargo and certain Doe Defendants also actively

6

DEFENDANT TRUST'S MOTION TO DISMISS SIXTH AMENDED COMPLAINT
*Brooks v. ComUnity Lending, Inc. et al.*, Case No. 5:07-cv-04501-JF

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

participated in creating, designing and formulating the Loan Documents and disclosures, and/or dictated the terms of the Option ARM loans sold to Plaintiff and Class members." (SAC ¶ 56). Beyond these generic conclusions, though, Plaintiff alleges no facts that would support the imposition of any kind of vicarious liability against the Trust for ComUnity's alleged inadequate disclosures. Plaintiff's claims for fraudulent omissions and UCL violations must be dismissed for this additional reason.

First, California law is clear that no kind of "vicarious liability" is available for UCL claims. *See Perfect 10, Inc. v. VISA Int'l Serv. Ass'n.*, 494 F.3d 788, 808-09 (9th Cir. 2007) ("[A]n unfair practices claim under [the UCL] cannot be predicated on vicarious liability. . . . A defendant's liability [under the UCL] must be based on his personal participation in the unlawful practice and unbridled control over the practices that are found to violate [the UCL].") (quoting *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (Cal. Ct. App. 2002).

Second, Plaintiff's attempt to impose vicarious liability for alleged fraudulent conduct must be "state[d] with particularity." Fed. R. Civ. P. 9(b). *See Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007) (applying Rule 9(b) to fraudulent omission claim); *Van Slyke v. Capital One Bank, No.*, C 07-0061 WHA, 2007 U.S. Dist. LEXIS 82690, at *27 (N.D. Cal. Nov. 7, 2007) ("Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b). Accordingly, plaintiffs must identify with particularity the statements or omissions that were made.") (internal citation omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (requiring fraud-based UCL claims be pled with particularity).

Particularly relevant to this case, "[f]or fraud claims involving multiple defendants, the plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Marcelos v. Dominguez*, 2008 WL 1820683, at *9 (N.D. Cal. April 21, 2008) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (dismissing complaint where plaintiff failed to identify defendants' roles in the alleged scheme sufficient to allow them to defend against the claims)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* (citation omitted).

The SAC's conclusory allegations generically claim that the Trust "actively participated" in a scheme with ComUnity and others to make inadequate disclosures, but no facts are alleged to support that boilerplate conclusion. Plaintiff provides no detail about the "time, date, places, benefits received and other details" of the alleged fraudulent scheme, nor do they identify or distinguish between any of the Defendants to inform them specifically of the fraud alleged. There is not a single allegation that sets forth any specific wrongful conduct by the Trust. Indeed, neither the fraudulent omissions claims nor the UCL claim make any allegations whatsoever about the Trust specifically. Instead, both claims indiscriminately lump the Trust and the other Defendants together without explanation. Such pleading does not satisfy the particularity requirements for pleading a fraudulent omission or fraud-based UCL claim.

The SAC provides no basis for holding the Trust liable for the alleged acts and omissions of ComUnity. Given that Plaintiff has also failed to allege that the Trust had any direct involvement with Plaintiff's loan, Plaintiff has simply provided no basis to hold the Trust liable for any alleged disclosures problems with Plaintiff's loan. Thus, Plaintiff's fraudulent omission and UCL claims should be dismissed as to the Trust with prejudice.

## II.   PLAINTIFFS' CLAIMS ARE PREEMPTED BY TILA.

The Trust also asserts that Plaintiffs' claims are preempted by TILA for the reasons set forth in the Motion to Dismiss filed by the RBS Defendants. The Trust adopts the RBS Defendants' Motion in full, as if fully set forth herein.

In addition to the reasons set forth in the RBS Defendants' Motion, Plaintiffs' claims are preempted by TILA because the disclosures provided by ComUnity fully comply with TILA. As this Court has recognized on multiple occasions, conduct that complies with TILA cannot be the basis for state-law disclosure claims. *See Amparan v. Plaza Home Mortgage*, No. 07-4498 JF, 2008 WL 5245497, *12 (N.D. Cal. Dec. 17 2008) (dismissing state law disclosure claims "to the extent that they are predicated on conduct that the Court has found lawful under TILA."); *Ralston v. Mortgage Investors Group, Inc.*, No. 08-536 JF, 2009 WL 688858, at * 8 (N.D. Cal. March 16, 2009) (state-law disclosure claims "are viable only to the extent that the TILA claims are viable.")

Plaintiff's claims are based on four disclosures that she received: (i) the APR disclosed in her TILDS; (ii) the payment schedule disclosed in her TILDS; (iii) the negative amortization disclosure in her Program Disclosure; and, (iv) the discounted interest rate disclosure in her Program Disclosure. The Trust has discussed the reasons why Plaintiff's disclosures complied with TILA in detail in its prior filings, including most recently at Docket Nos. 115 and 122. The Trust hereby adopts those arguments as if fully set forth herein, and briefly summarizes the arguments below.

### A. There is No Conflict Between Plaintiff's APR and Initial Interest Rate.

Plaintiff complains that "the yearly interest rate in the Notes conflicts with the APR stated in the TILDS." (SAC ¶ 52). As numerous courts have found, though, the APR and the initial interest rate are two different things, so a difference between them does not represent any kind of "conflict," and certainly does not violate TILA. *Mandrigues v. World Savings, Inc.*, No. 5:07-cv-04497-JF, 2009 WL 160213, at *6 (N.D. Cal. Jan. 20, 2009) ("Because the APR 'considers, by definition, a broader range of finance charges when determining the total cost of credit as a yearly rate,' discrepancies between the 'interest rate' stated in a loan note and the APR stated on a TILDS are not misleading."); *Smith v. Anderson,* 801 F.2d 661, 663 (4th Cir. 1986) ("APR likewise differs from the general definition of interest rate because it considers, by definition, a broader range of finance charges when determining the total cost of credit as a yearly rate."); *Velazquez v. GMAC Mortgage Corp.*, 605 F. Supp. 2d 1049, 1062 (C.D. Cal. 2008) ("As noted above, APR and interest rate are distinct.") Thus, Plaintiff's claim regarding APR should be dismissed.

### B. Plaintiff's Payment Schedule Properly Discloses Minimum Required Payments.

Plaintiff complains that the payment schedule in her TILDS lists minimum required payments (which, if made, will result in negative amortization) rather than payments sufficient to pay both principal and interest. (SAC ¶ 41). But Plaintiff's payment schedule is exactly what TILA required. TILA requires payment schedules to list minimum required payments. TILA's binding Commentary provides an example payment schedule for a loan just like Plaintiff's (with a discounted initial interest rate and payment caps), and the Commentary's example payment schedule lists minimum payments that will result in negative amortization. 12 C.F.R. Part 226, Supp. I, cmt. 17(c)(1)-10(v)(C). Listing minimum required payments makes sense because payment schedules

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

(like all TILA disclosures) must "reflect the terms of the legal obligation between the parties."  12 C.F.R. § 226.17(c)(1).  Minimum required payments were exactly what Plaintiff was "legally obligated" to pay each month, so the payment schedule properly reflected those amounts.

Other courts faced with similar payment schedule claims have agreed, finding payment schedules that list minimum required payments properly disclosed the plaintiff's legal obligation, as required by TILA.  *Velazquez v. GMAC Mortgage Corp.*, 605 F. Supp. 2d 1049, 1064 (C.D. Cal. 2008) ("the regulation and the commentary suggest that the 'legal obligation' that must be reflected in the payment schedule is the monthly payment requirement contained in the Note."); *Mincey v. World Savings Bank*, No. 07-3762-PMD, 2008 WL 3845438, at *25 (D.S.C. Aug. 15, 2008) (rejecting plaintiff's claim that the payment schedule was defective because it failed to provide "a payment amount sufficient to pay both principal and interest so as to avoid negative amortization.").  Thus, because Plaintiff's payment schedule properly reflected her minimum required payments, her claims regarding the payment schedule should be dismissed.

### C. Negative Amortization was Properly Disclosed as a Possibility.

Plaintiff complains that her Program Disclosure "did not disclose the fact that negative amortization was a certainty. . ."  (SAC ¶ 37).  But negative amortization was not a certainty under Plaintiff's loan at all.  Negative amortization only occurred if Plaintiff chose to pay less than accrued interest each month.  Plaintiff's ARM Note explicitly gave her the option of paying more.  (SAC, Ex. 1 at ¶ 5(F)).

The Commentary explicitly recognizes that negative amortization is a possibility—not a certainty—that depends on the payment the borrower makes:

> A creditor must disclose, where applicable, the possibility of negative amortization. For example, the disclosure might state "If any of your payments is not sufficient to cover the interest due, the difference will be added to your loan amount."

12 C.F.R. Part 226, Supp. I, cmt. 19(b)(2)(vii)-2.  Plaintiff's Program Disclosure and ARM Note both contain language that is virtually identical to the Commentary's approved disclosure:

| Commentary Model Disclosure | Plaintiff's Program Disclosure | Plaintiff's ARM Note |
|---|---|---|
| "*If* any of your payments is not sufficient to cover the interest due, the difference *will* be added to your loan amount." 12 C.F.R. Part 226, Supp. I, cmt. 19(b)(2)(vii)-2 (emphasis added). | "*If* your monthly payment is not sufficient to pay all interest due, any accrued and unpaid interest *will* be added to the loan principal and will accrue interest at the Note rate." (Program Disclosure) (emphasis added)[3]. | "*If* the Minimum Payment is not sufficient to cover the amount of the interest due, then any accrued but unpaid interest *will* be added to Principal and will accrue interest at the rate then in effect." (SAC, Ex. 1, ¶ 5(A) (emphasis added). |

Given that the Commentary specifically approves disclosing negative amortization as a possibility, and given that Plaintiff received a disclosure that was virtually identical to the Commentary's approved disclosure, claims relating to negative amortization should be dismissed.

### D. Plaintiff was Informed that Her Initial Interest Rate was Discounted.

Finally, Plaintiff complains that ComUnity "failed to disclose to Plaintiff and Class members that the initial interest rate was discounted." (SAC ¶ 45). In fact, both the Program Disclosure and the ARM Note properly disclose the fact that Plaintiff's initial interest rate is discounted. No reasonable person could read the Program Disclosure and the ARM Note and not understand that the initial interest rate is discounted. The ARM Note states that the initial interest rate is a 1% rate that is subject to change "in accordance with Section 4." (SAC, Ex. 1 at ¶ 2). Even the most cursory glance at Section 4 of the ARM Note reveals that the interest rate "will change on the 1st day of July, 2006" and "will never be lower than 3.500%." (*Id.* ¶¶ 4(A)-(D)). Read together, as contract terms must be, Sections 2 and 4 of the ARM Note state that the interest rate will be 1% until July 1, 2006, that the rate will never be lower than 3.5% after that date, and describe the precise mechanics

---

[3] In support of its Motion to Dismiss the Fourth Amended Complaint, the Trust filed a Request for Judicial Notice of the Program Disclosure (Docket No. 97), and the Trust renews its Request for Judicial Notice with this Motion. The Program Disclosure may be considered in the context of this motion because, as explained below, Plaintiff's TILA claim is based in part on a failure to provide disclosures that are required to be included within the Program Disclosure. Thus, the FAC necessarily implicates the contents of the Program Disclosure. Moreover, the authenticity of the Program Disclosure, which is signed by Plaintiff, is not subject to legitimate dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (matters beyond the complaint may be considered when it is implicitly relied on in the complaint and beyond dispute as to authenticity).

involved in calculating the new interest rate.  The Program Disclosure contains similar descriptions.  Thus, the fact that the initial interest rate was discounted was properly disclosed, in both the ARM Note and the Program Disclosure.  Any claim premised on allegations to the contrary should be dismissed.

Because the disclosures provided by ComUnity complied with TILA in all respects, any state-law disclosure claims based on those disclosures is preempted.  Thus, even if the Trust could be held liable for the disclosures provided by ComUnity, Plaintiff's claims should still be dismissed.

## CONCLUSION

For the reasons set forth above, the Trust respectfully requests that this Court dismiss the SAC in its entirety.  Given the numerous opportunities Plaintiff has been given to state a claim, the SAC should be dismissed with prejudice.  *See Hinton v. Pac. Enters.*, 5 F.3d 391, 393, 396-97 (9th Cir. 1993) (affirming dismissal with prejudice where defects could not be cured by amendment).

Dated:  November 24, 2009

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By   /s/  P. Russell Perdew
        P. Russell Perdew

Attorneys for Defendant
WELLS FARGO BANK, N.A., AS TRUSTEE OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-10

### CERTIFICATE OF SERVICE

I certify that on November 24, 2009, I caused a true and correct copy of DEFENDANT WELLS FARGO BANK, N.A., AS TRUSTEE OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-10'S MOTION TO DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT to be served upon counsel of record via the Court's ECF system.

By: /s/ P. Russell Perdew