1  RICHARD J. SAHATJIAN (SBN 252442)
   rsahatjian@buckleysandler.com
2  BUCKLEYSANDLER LLP
   1801 Century Park East, Suite 2240
3  Los Angeles, CA 90067
   Telephone:  (424) 203-1000
4  Facsimile:  (424) 203-1019

5  ANDREW L. SANDLER (Admitted *Pro Hac Vice*)
   asandler@buckleysandler.com
6  BENJAMIN B. KLUBES (Admitted *Pro Hac Vice*)
   bklubes@ buckleysandler.com
7  BUCKLEYSANDLER LLP
   1250 24th Street, NW, Suite 700
8  Washington, DC 20037
   Telephone:  (202) 349-8000
9  Facsimile:  (202) 349-8080

10 *Attorneys for Defendants RBS Financial*
   *Products, Inc. and RBS Acceptance Corp.*

11

                 **UNITED STATES DISTRICT COURT**
12
                **NORTHERN DISTRICT OF CALIFORNIA**
13
                       **SAN JOSE DIVISION**
14

15 | MARJORIE BROOKS,                    | Case No. C-07-04501-JF
   | individually and on behalf of       |
16 | all others similarly situated,      | CLASS ACTION
   |                                     |
17 |                        Plaintiff,   | (1) NOTICE OF MOTION AND MOTION
   |                                     |     BY RBS TO DISMISS PLAINTIFF'S
18 |      v.                             |     SIXTH AMENDED CLASS ACTION
   |                                     |     COMPLAINT, AND MEMORANDUM OF
19 | COMUNITY LENDING, INC., et al.,     |     POINTS AND AUTHORITIES IN
   |                                     |     SUPPORT;
20 |                        Defendants.  |
   |                                     | (2) [PROPOSED] ORDER
21 |                                     |     (Lodged Under Separate Cover)
   |                                     |
22 |                                     | ORAL ARGUMENT REQUESTED
   |                                     |
23 |                                     | Date:    January 29, 2010
   |                                     | Time:    9:00 a.m.
24 |                                     | Place:   Courtroom 3, 5th Floor
   |                                     |          San Jose Courthouse
25 |                                     | Judge:   Hon. Jeremy Fogel

26

27

28

1

## NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that at 9:00 a.m. on January 29, 2010, or as soon thereafter as the

4 matter may be heard in Courtroom 3, 5th Floor, of the United States District Court for the Northern

5 District of California, San Jose Division, located at 280 South First Street, San Jose, CA 95113-

6 3002, the Honorable Jeremy Fogel presiding, Defendants RBS Financial Products, Inc. and RBS

7 Acceptance Corp., (collectively "RBS") will, and hereby do, move the Court pursuant to Federal

8 Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Sixth Amended Class Action Complaint

9 ("SAC").  The grounds for this motion are:

10 1.     Plaintiff's state law fraudulent omissions claim fails because it is inadequately pled, fails to

11        identify any duty owed by RBS or any basis to impose such a duty, and is preempted by the

12        Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA").

13 2.     Plaintiff fails to state a claim under California's Unfair Competition Law, BUS. & PROF.

14        CODE § 17200, *et seq.* ("UCL"), because her claim is insufficiently pled, is preempted by

15        TILA and this Court's dismissal of Plaintiff's TILA claim, and does not identify any

16        unlawful, unfair or fraudulent conduct by RBS.

17

18

19

20

21

22

23

24

25

26

27

28

1    This motion is based on this Notice of Motion and Motion, the attached Memorandum of

2  Points and Authorities, the Memorandum of Points and Authorities filed by Wells Fargo Bank,

3  N.A., as Trustee for the HarborView Mortgage Loan Trust Series 2006-10 (the "Trust"), the

4  additional documents filed concurrently herewith, all pleadings, papers and records filed in this

5  action, and such other materials as may be presented to the Court before, at, or in connection with

6  the hearing.

7    On August 30, 2007, Plaintiff filed her first complaint against Defendant ComUnity

8  Lending, Inc.  On October 11, 2007, Plaintiff filed an amended complaint, which also named only

9  the original defendant, ComUnity Lending, Inc.[1]  By order dated September 30, 2008, this Court

10  granted Plaintiff leave to file a second amended complaint, which she filed on September 30, 2008.

11  Plaintiff's Second Amended Complaint added Defendants RBS, the Trust, and GMAC Mortgage,

12  LLC ("GMACM") for the first time.  Plaintiff filed a third amended complaint on November 19,

13  2008.  Defendants moved to dismiss Plaintiff's Third Amended Complaint, and on February 3,

14  2009, the Court dismissed that Complaint without prejudice.  Plaintiff filed a fourth amended

15  complaint on March 5, 2009.  Defendants again moved to dismiss, and this Court granted

16  Defendants' motions on May 29, 2009, without prejudice.  Plaintiff filed a fifth amended complaint

17  on June 18, 2009.  On July 15, 2009, Plaintiff and Defendants filed a Joint Stipulation dismissing

18  counts four (breach of contract) and five (tortuous breach of the covenant of good faith and fair

19  dealing) of Plaintiff's Fifth Amended Complaint as well as Defendant GMACM from this matter.

20  On July 31, 2009, Defendants RBS and the Trust moved to dismiss the remaining counts of

21  Plaintiff's Fifth Amended Complaint.  By Order dated September 29, 2009, this Court dismissed

22  Plaintiff's Truth in Lending Act claims with prejudice, but deferred its determination of Plaintiff's

23  remaining state law claims pending briefing on the potential applicability of the Class Action

24  Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  Plaintiff filed a sixth amended complaint on October

25  30, 2009.

26

27  [1]    On January 4, 2008, Defendant ComUnity Lending, Inc. filed for Chapter 11 bankruptcy
protection in the United States Bankruptcy Court, Northern District of California (San Jose), Case

28  Number 08-50030.  (Docket No. 11.)

1

2   Dated:  November 24, 2009                    Respectfully submitted,

3                                                BUCKLEYSANDLER LLP

4                                      By:   /s/ Richard J. Sahatjian
                                             RICHARD J. SAHATJIAN (SBN 252442)

5                                            -and-

6                                            ANDREW L. SANDLER (Admitted *Pro Hac Vice*)
                                             BENJAMIN B. KLUBES (Admitted *Pro Hac Vice*)

7
                                             *Attorneys for Defendants RBS Financial*
8                                            *Products, Inc. and RBS Acceptance Corp.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Brooks v. ComUnity Lending, Inc.*, *et al*, No. C-07-04501-JF 1229138-3

1

## **<u>STATEMENT OF ISSUES TO BE DECIDED</u>**

2      Pursuant to Civil Local Rule 7-4(a)(3), RBS sets forth the following Statement of Issues to

3   Be Decided:

4      1.      Whether this Court has subject matter jurisdiction pursuant to CAFA on Plaintiff's

5   remaining state law claims.

6      2.      Whether Plaintiff can state a claim for fraudulent omissions without identifying any

7   particular omission by RBS.

8      3.      Whether Plaintiff can state a claim for fraudulent omissions without identifying any

9   duty owed to her by RBS.

10      4.      Whether Plaintiff's fraudulent omissions claim is preempted by TILA.

11      5.      Whether Plaintiff has sufficiently pled a claim under the UCL where no specific

12   defendant is identified and no personal participation in the supposed conduct is alleged.

13      6.      Whether Plaintiff's TILA-based UCL claim is preempted by TILA and this Court's

14   dismissal of Plaintiff's TILA claim.

15      7.      Whether Plaintiff can state a claim under the UCL where she has not identified

16   unlawful, unfair or fraudulent conduct.

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ...............................................................................................................................2

I.      PLAINTIFF'S FRAUDULENT OMISSIONS CLAIM IS DEFICIENT ...........................2

        A.      Plaintiff's Claim Is Not Pled With Sufficient Particularity......................................3

        B.      Plaintiff Fails To Allege Any Duty Owed By RBS Or Any Basis To Impose
                Such A Duty..........................................................................................................5

        C.      Plaintiff's Fraudulent Omissions Claim is Preempted By TILA...............................7

II.     PLAINTIFF FAILS TO STATE A UCL CLAIM ..............................................................8

        A.      Plaintiff's Entire UCL Claim is Insufficiently Pled ................................................8

        B.      Plaintiff's UCL Claim Is Preempted By TILA and This Court's Dismissal of
                Plaintiff's TILA Claim ..........................................................................................10

        C.      Plaintiff Has Not Identified Any Unlawful, Unfair or Fraudulent Conduct ..........12

CONCLUSION.............................................................................................................................13

1

**TABLE OF AUTHORITIES**

2

**CASES**

3   *Amparan v. Plaza Home Mortgage, Inc.*,

4      No. C 07-4498 JF (RS),

5      2008 WL 5245497 (N.D. Cal. Dec. 17, 2008)................................................5, 11

6   *Baisa v. Indymac Fed. Bank,*

7      2009 WL 3756682, slip op. (E.D. Cal. Nov. 6, 2009) ..........................................9

8   *Bell Atl. Corp. v. Twombly*,

9      127 S. Ct. 1955 (2007).........................................................................................2

10   *Branick v. Downey Sav. & Loan Ass'n,*

11      39 Cal. 4th 235 (Cal. 2006)..................................................................................8

12   *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*,

13      20 Cal. 4th 163 (Cal. 1999)................................................................................11

14   *David K. Lindemuth Co. v. Shannon Fin. Corp.*,

15      637 F. Supp. 991 (N.D. Cal. 1986) ......................................................................3

16   *Desaigoudar v. Meyercord*,

17      223 F.3d 1020 (9th Cir. 2000) .......................................................................... 2-3

18   *Emery v. Visa Int'l Serv. Ass'n*,

19      95 Cal. App. 4th 952 (Cal. Ct. App. 2002) ....................................................8, 12

20   *Falk v. Gen. Motors Corp.*,

21      496 F. Supp. 2d 1088 (N.D. Cal. 2007) .......................................................... 3, 6-7

22   *Goodman v. Kennedy*,

23      18 Cal. 3d 335 (Cal. 1976) ..................................................................................6

24   *In re Late Fee and Over-Limit Fee Litig.*,

25      528 F. Supp. 2d 953 (N.D. Cal. 2007) ...............................................................11

26   *Johnson v. JP Morgan Chase Bank*,

27      536 F. Supp. 2d 1207 (E.D. Cal. 2008)...............................................................11

28

*Khoury v. Maly's of Cal., Inc.*,

    14 Cal. App. 4th 612 (Cal. Ct. App. 1993) ........................................................................8

*LiMandri v. Judkins*,

    52 Cal. App. 4th 326 (Cal. Ct. App. 1997) ....................................................................5-6

*Linear Tech. Corp. v. Allied Materials, Inc.*,

    152 Cal. App. 4th 115 (Cal. Ct. App. 2007) ..................................................................5

*Marcelos v. Dominguez*,

    No. C 08-00056 WHA,

    2008 WL 1820683 (N.D. Cal. Apr. 21, 2008) ..............................................................3-4

*Marks v. Ocwen Loan Servicing*,

    No. C 07-02133 SI,

    2008 WL 344210 (N.D. Cal. Feb. 6, 2008) ...................................................................12

*Nava v. VirtualBank*,

    2:08-CV-000690-FCD-KJM,

    2008 U.S. Dist. LEXIS 72819 (E.D. Cal. July 16, 2008) ..........................................7, 10, 11

*Nichols v. Greenpoint*,

    No. SA CV 08-750 DOC (MLGx),

    2008 WL 3891126 (C.D. Cal. Aug. 19, 2008)................................................................8

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,

    494 F.3d 788 (9th Cir. 2007) ......................................................................................8

*Plascencia v. Lending 1st Mortgage*,

    No. 07-CV-4485-CW,

    2008 WL 4544357 (N.D. Cal. Sept. 30, 2008) ...............................................................11

*Pub. Util. Dist. No. 1 of Grays Harbor County Wash. v. IDACORP Inc.*,

    379 F.3d 641 (9th Cir. 2004) ...................................................................................9-10

*Quezada v. Loan Ctr. of Cal., Inc.*,

    No. 08-177 WBS KJM,

    2008 WL 5100241 (E.D. Cal. Nov. 26, 2008) ................................................................11

*Rubio v. Capital One Bank*,

    572 F. Supp. 2d 1157 (C.D. Cal. 2008) ...............................................5, 11

*Saavedra v. GMAC Mortgage, LLC*,

    No. CV 07-7050 AG (CTx) (C.D. Cal. June 30, 2009) ...........................7

*Silvas v. E\*Trade Mortgage Co.*,

    514 F.3d 1001 (9th Cir. 2008) ...................................................... 9, 10-11

*Smith v. State Farm Mut. Auto. Ins. Co.*,

    93 Cal. App. 4th 700 (Cal. Ct. App. 2001) ...........................................11

*Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.*,

    415 F. Supp. 2d 1141 (C.D. Cal. 2005) ............................................. 8-9

*Stetler v. Greenpoint Mortgage Funding, Inc.*,

    No. 1:07-cv-0123-DLB,

    2008 WL 192405 (E.D. Cal. Jan. 23, 2008) ...........................................5

*Swartz v. KPMG LLP*,

    476 F.3d 756 (9th Cir. 2007) ..................................................................4

*Van Slyke v. Capital One Bank*,

    No. C 07-00671 WHA,

    2007 U.S. Dist. LEXIS 82690 (N.D. Cal. Nov. 7, 2007)........................8

*Vess v. Ciba-Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) ........................................................ 2-3, 8

*Washington v. Baenziger*,

    673 F. Supp. 1478 (N.D. Cal. 1987) ...................................................3, 4

*Yourish v. Cal. Amplifier*,

    191 F.3d 983 (9th Cir. 1999) ..................................................................3

## STATUTES AND RULES

California Business & Professions Code § 17200, *et seq.*......................................*passim*

Class Action Fairness Act, 28 U.S.C. § 1332(d) .......................................................ii, 1-2

1   Federal Rule of Civil Procedure 9 ............................................... *passim*

2   Federal Rule of Civil Procedure 12 ...............................................i, 1, 2

3   Federal Trade Commission Act, 15 U.S.C. §§ 41-58 ............................7, 8, 11

4   Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ......................................*passim*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ix

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Brooks v. ComUnity Lending, Inc.*, *et al*, No. C-07-04501-JF 1229138-3

1    Defendants RBS Financial Products, Inc. and Greenwich Capital Acceptance, Inc., now

2    known as RBS Acceptance Corp., (collectively "RBS") respectfully move this Court, pursuant to

3    Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Sixth Amended Class Action

4    Complaint ("SAC") with prejudice.[2]

5    **PRELIMINARY STATEMENT**

6    Plaintiff's SAC suffers from the same defects as her Third and Fourth Amended Complaints,

7    which this Court correctly dismissed.[3]  Plaintiff's repeated failure necessitates dismissal with

8    prejudice.

9    Plaintiff continues in her SAC to fail to allege any specific conduct or omission by RBS,

10   nor has Plaintiff identified any duty held by RBS that would give rise to an actionable claim for

11   nondisclosure.  Moreover, Plaintiff's fraudulent omissions claim is not pled with sufficient

12   particularity and is preempted by TILA.

13   In addition, Plaintiff cannot state a claim under the UCL, because it is not sufficiently pled

14   and is preempted by this Court's dismissal of Plaintiff's TILA claim, and because she has failed to

15   identify any unlawful, unfair or fraudulent conduct.

16   For these reasons, and for the reasons set forth below, Plaintiff's SAC against RBS should

17   be dismissed in its entirety with prejudice.[4]

18   _____

19   [2] RBS adopts in full both the Trust's Motion to Dismiss Plaintiff's Sixth Amended
Complaint and the Trust's Memorandum of Points and Authorities in Support.

20   [3] This Court, by Order dated September 29, 2009, deferred its determination of the state law
21   claims alleged in Plaintiff's Fifth Amended Complaint pending briefing on the potential
applicability of the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (*See* Order Granting
22   Motions to Dismiss (September 29, 2009) [Docket No. 124].)

23   [4] As previously mentioned, this Court, by Order dated September 29, 2009, deferred its
determination of the state law claims alleged in Plaintiff's Fifth Amended Complaint pending
24   briefing on the potential applicability of CAFA. (*See* Order Granting Motions to Dismiss
(September 29, 2009) [Docket No. 124].)  As required by the September 29, 2009 Order,
25   Defendants RBS Financial Products, Inc., Greenwich Capital Acceptance, Inc., and Wells Fargo
Bank, N.A., filed with the Court letter briefs on the CAFA issue, stating that "[i]n the absence of
26   any allegations supporting the existence of CAFA jurisdiction over Plaintiff's state law claims,
Defendants [could not] take a position as to whether this Court has jurisdiction over the remainder
27   of this lawsuit." (*See* Letter Brief Re: Applicability of CAFA (October 6, 2009) [Docket No. 126].)
Plaintiff later filed the instant SAC, in which she pled subject matter jurisdiction pursuant to CAFA,
28   stating that "there are over 100 members in the proposed Class, the amount in controversy exceeds
*(cont'd)*

1

**ARGUMENT**

2          Under Federal Rule of Civil Procedure 12(b)(6), "a plaintiff's obligation to provide the

3    'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

4    recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S. Ct.

5    1955, 1964-65 (2007) (citations omitted).  Rather, the "[f]actual allegations must be enough to raise

6    a right to relief above the speculative level, on the [assumption that all the] allegations in the

7    complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).  But "when the

8    allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic

9    deficiency should . . . be exposed at the point of minimum expenditure of time and money by the

10   parties and the court.'" *Id.* at 1966 (citation omitted).  Thus, "a district court must retain the power

11   to insist upon some specificity in pleading before allowing a potentially massive factual

12   controversy to proceed." *Id.* at 1967 (internal quotation and citation omitted).

13   **I.       PLAINTIFF'S FRAUDULENT OMISSIONS CLAIM IS DEFICIENT**

14         Plaintiff's fraudulent omissions claim fails because it is insufficiently pled.  Plaintiff

15   identifies no basis for her conclusory claim that "Defendants" – apparently including RBS, which is

16   not mentioned by name anywhere in the count – owed her any duty.  RBS had absolutely no

17   involvement with the origination of Plaintiff's loan, and Plaintiff has not specifically asserted any

18   fraudulent omission by RBS.  Moreover, to the extent it is predicated on TILA, Plaintiff's

19   fraudulent omissions claim is preempted by TILA and Plaintiff has not identified any disclosure

20   duty by RBS under TILA, and where it does not rely on TILA, Plaintiff has stated no basis to

21   impose a duty otherwise.

22         **A.       Plaintiff's Claim Is Not Pled With Sufficient Particularity**

23         Under Rule 9 of the Federal Rules of Civil Procedure, allegations of fraud must be "state[d]

24

25   ─────────────────────
     (cont'd from previous page)
     $5,000,000.00[,] at least one member of the Class is a citizen of a state different from any
26   defendant[, and] less than two-thirds of Class members are citizens of California." (SAC ¶ 15.)
     RBS is not currently in a position to evaluate the truth of these assertions, but reserves the right to
27   later contest subject matter jurisdiction should facts come to light which indicate that CAFA does
     not apply.
28

with particularity."  FED. R. CIV. P. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (Rule 9(b) applies to allegations of a "unified course of fraudulent conduct," even if the claim is not denominated as a fraud claim).  In particular,

> [A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (dismissing claim for failure to plead with sufficient particularity) (internal quotation and citation omitted); *see also Vess*, 317 F.3d at 1103 ("Rule 9(b)'s particularity requirement applies to state-law causes of action [brought in federal court].")  "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."  *Marcelos v. Dominguez*, No. C 08-00056 WHA, 2008 WL 1820683, at *9 (N.D. Cal. Apr. 21, 2008) (internal quotation and citation omitted) (dismissing complaint where plaintiff failed to identify defendants' specific roles in the alleged fraudulent scheme sufficient to allow them to defend against the claim).  This particularity requirement applies to claims of fraudulent omission as it does to claims for general fraud.  Thus, although a Plaintiff may plead her fraudulent omissions claim with particularity through "alternative means," it is still a fraud claim subject to Rule 9.  *See Washington v. Baenziger,* 673 F. Supp. 1478, 1482 (N.D. Cal. 1987) (requiring plaintiff "to plead the particular circumstances of the fraud" using "alternative ways"); *David K. Lindemuth Co. v. Shannon Fin. Corp.,* 637 F. Supp. 991, 994 (N.D. Cal. 1986) (same); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007) (applying Rule 9(b) to fraudulent omission claim).

Additionally, Plaintiff's Rule 9 pleading requirements extend beyond just the facts of her allegations, but also require that she identify specifically to whom each such allegation applies.  "For fraud claims involving multiple defendants, the plaintiff must, *at a minimum*, 'identify the role of each defendant in the alleged fraudulent scheme.'"  *Marcelos*, 2008 WL 1820683, at *9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Brooks v. ComUnity Lending, Inc., et al.,* No. C-07-04501-JF 1229138-3

1  (emphasis added) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)) (dismissing

2  complaint where plaintiff failed to identify defendants' roles in the alleged scheme sufficient to

3  allow them to defend against the claims)).  "Rule 9(b) does not allow a complaint to merely lump

4  multiple defendants together but requires plaintiffs to differentiate their allegations when suing

5  more than one defendant . . . ."  *Swartz*, 476 F.3d at 764-65 (internal quotation and citation

6  omitted).  "[G]eneral allegations that the 'defendants' engaged in fraudulent conduct" are

7  insufficient.  *Id.* at 765.

8       In *Washington v. Baezinger*, for example, the court found that the plaintiff satisfied Rule 9

9  for her fraudulent omissions claim, pleading through "alternative means," by alleging facts in her

10  complaint "particular enough to put the defendants on notice of the allegations of fraud against

11  them" by divid[ing] the defendants into relevant groups and specif[ying] the causes of action

12  against each group," "add[ing] dates to the allegations of fraud" and "provid[ing] greater specificity

13  to the alleged fraudulent acts of each defendant or group of defendants."  673 F. Supp. at 1482.

14       Plaintiff has not pled any "omission" with sufficient particularity.  The SAC's conclusory

15  allegations lack any detail about the "time, date, places, benefits received and other details" of the

16  alleged fraudulent omission, nor does it make any effort to plead the claim through alternative

17  means.  Indeed, Plaintiff's fraudulent omissions count does not identify a single supposed omission

18  by RBS – instead conflating it with the other *en masse* Defendants.[5]  There is simply no way for

19

---

20  [5]     The facts here illustrate clearly why courts do not allow plaintiffs to lump different

21  defendants together for purposes of pleading.  The different Defendants here each had very different roles with respect to Plaintiff's loan: ComUnity Lending is the lender that funded Plaintiff's loan while RBS and Wells Fargo Bank, N.A., are mere assignees of Plaintiff's loan,

22  having acquired rights to the loan only after Plaintiff obtained it from ComUnity Lending.  Plaintiff, however, makes no effort to describe or distinguish between the roles the Defendants played in the

23  supposed omission she now challenges, instead referring to the supposed collective acts of the undifferentiated "Defendants."  Moreover, rather than clarify the roles the Defendants played,

24  Plaintiff's SAC further conflates their respective roles.  For example, Plaintiff's SAC makes references throughout to omissions in "Defendants' Loan Documents" and violations of disclosure

25  duties by "Defendants" (*See, e.g.*, SAC ¶¶ 70, 76, 81, 86), rather than to "ComUnity's Loan Documents" and violations of disclosure duties by "ComUnity," as was alleged in earlier versions

26  of Plaintiff's complaint. (*See, e.g.*, Plaintiff's Fifth Amended Complaint ¶¶ 98, 103, 104). Conflating the actions of all Defendants does not provide an accurate depiction of the facts based

27  on the parties' actual roles, and makes it impossible for each of the Defendants to identify the nature of the allegations against them and respond accordingly.

28

---

RBS to identify the nature of the allegations against it and adequately respond.  Plaintiff has (again) failed to satisfy these basic threshold pleading requirements and her claim should be dismissed.

**B.      Plaintiff Fails To Allege Any Duty Owed By RBS
Or Any Basis To Impose Such A Duty**

Even if Plaintiff could escape her failure to plead her claim adequately, the SAC still does not identify any duty owed *by RBS* under TILA or otherwise, let alone any basis to impose a duty.

First, RBS, an assignee of an already-originated loan, had no disclosure duty to Plaintiff under TILA.  *See* 15 U.S.C. §§ 1631, 1641.  Plaintiff cannot seek to hold RBS to a higher standard of disclosure than that required by TILA without alleging some additional duty beyond TILA, which she has not done.  *See Linear Tech. Corp. v. Allied Materials, Inc.*, 152 Cal. App. 4th 115, 132-33, n.7 (Cal. Ct. App. 2007) (rejecting general duty to disclose where a statute does not provide a basis for doing so).  Nor can Plaintiff assert an omission where, as here, her claim relies on a duty that arises under TILA, and the challenged conduct complied with TILA.  *See Stetler v. Greenpoint Mortgage Funding, Inc.*, No. 1:07-cv-0123-DLB, 2008 WL 192405, at *6 (E.D. Cal. Jan. 23, 2008) (dismissing fraud claim for nondisclosure where, among other things, "Plaintiff signed a document entitled 'Loan Program Disclosure,' which explained how the interest rate and monthly payment could change, and, more importantly, defined 'negative amortization' and explained how it could affect [her] loan, i.e., that the principle balance of the loan could increase if monthly payments did not cover the interest due."); *accord Amparan v. Plaza Home Mortgage, Inc.*, No. C 07-4498 JF (RS), 2008 WL 5245497, at *12 (N.D. Cal. Dec. 17, 2008) (dismissing TILA-based UCL claims where claims were based on conduct found to be lawful); *Rubio v. Capital One Bank*, 572 F. Supp. 2d 1157, 1168-69 (C.D. Cal. 2008) (barring TILA-based UCL violations because disclosures were adequate).

Second, Plaintiff has not identified any common law duty owed to her by RBS, nor any basis to impose a duty.  At common law, an omission may constitute an actionable fraud in only four circumstances:  (1) where the defendant is in a fiduciary relationship with the plaintiff (which is not alleged here); (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4)

1   when the defendant makes partial representations but also suppresses some material facts.  *See*

2   *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (Cal. Ct. App. 1997).  Where, as here, no fiduciary

3   relationship is alleged, "[e]ach of the . . . [remaining] three circumstances in which nondisclosure

4   may be actionable presupposes the existence of *some other relationship between the plaintiff and*

5   *defendant* in which a duty to disclose can arise." *Id.* at 336-37 (emphasis added).  Thus, "where

6   material facts are known to one party and not to the other, failure to disclose them is not actionable

7   fraud unless there is *some relationship* between the parties which gives rise to a duty to disclose

8   such known facts." *Id.* at 337 (emphasis in original, internal quotation and citation omitted).

9   Indeed, Plaintiff must plead *specific* facts to demonstrate the relationship called for by *LiMandri* as

10  to *each* of the Defendants.  *See, e.g., id.* at 336-37 (rejecting a nondisclosure claim, finding that

11  plaintiff had not alleged any relationship with defendant "that would give rise to a duty to

12  disclose"); *Goodman v. Kennedy*, 18 Cal. 3d 335, 346 (Cal. 1976), *cert. denied*, 528 U.S. 1020

13  (1999) (reasoning that the validity of a fraudulent omissions claim "depends on the allegations that

14  would establish some duty of disclosure on the part of the defendant").

15       Plaintiff does not plead sufficient facts as to *any* of the three *LiMandri* factors that apply

16  where no fiduciary duty is alleged, nor does she make any attempt to allege materiality, though she

17  is required to do so under each of the factors.[6]  Her generalized allegations that all of the

18  Defendants completed all of the acts and omissions without distinction are both plainly untenable

19  and insufficient under *LiMandri*.  Plaintiff must allege facts specific to each of the Defendants if

20  she wishes to hold each of them accountable under some unspecified duty.  *Compare with Falk*,

21  496 F. Supp. 2d at 1096 (allowing claim where the plaintiff offered specific allegations that

22

23  _____

24  [6]      It is not enough for a plaintiff to merely claim materiality.  "[A] plaintiff must show that
    'had the omitted information been disclosed, one would have been aware of it and behaved
25  differently.'" *Falk*, 496 F. Supp. 2d at 1095 (accepting plaintiffs' claims of materiality because the
    plaintiffs alleged that they would have behaved differently had they known about the alleged
26  omission and, in support of their claim, provided specific facts showing a consumer would have
    acted differently, including pages of consumer quotations in their complaint to demonstrate
27  materiality).  In fact, a complaint must not only allege that the omitted facts are material, but also
    that the defendant knew they were inaccessible to the plaintiff. *Goodman*, 18 Cal. 3d at 347-48.
28  No such facts are alleged here.

1   expressly applied to only one defendant and stated that "only [defendant] GM" knew of the facts at

2   issue); *id.* at 1097 (finding the specific allegations concerning the individual defendant sufficient to

3   state a claim) (citation omitted).  *See also Saavedra v. GMAC Mortgage, LLC*, No. CV 07-7050

4   AG (CTx), Order Regarding Plaintiff and GMAC's Motions to Reconsider, *5 (C.D. Cal. June 30,

5   2009) (dismissing plaintiff's claims for fraudulent omissions based on failure to "adequately plead

6   the existence of material information" and allegations "'that were merely conclusory, unwarranted

7   deductions of fact, or unreasonable references.'" (internal citations omitted)).  Plaintiff has

8   identified no duty to support her claim, and for this additional reason, it is inadequate.

9          **C.      Plaintiff's Fraudulent Omissions Claim is Preempted By TILA**

10                 To the extent Plaintiff's fraudulent omissions claim relies on TILA, it conflicts with and is

11   thus preempted by TILA, because Plaintiff cannot use her state law claim to expand TILA's scope

12   by rejecting federal statutory limitations on both damages and timeliness in favor of those allowed

13   by state law.  As Judge Damrell of the Eastern District of California explained, "[b]y basing

14   defendants' common law duty on TILA, plaintiff is attempting to alter both the damages available

15   under TILA and the statute of limitations period for civil damages under TILA . . . [and the] claim

16   for fraudulent omission is also preempted . . . ."  *Nava v. VirtualBank*, No. 2:08-CV-00069-FCD-

17   KJM, 2008 U.S. Dist. LEXIS 72819, at *24-25 (E.D. Cal. July 16, 2008).

18   **II.    PLAINTIFF FAILS TO STATE A UCL CLAIM**

19                 Plaintiff's SAC alleges a violation of the UCL based on alleged violations of TILA, the

20   Federal Trade Commission Act, 15 U.S.C. §§ 41-58 (the "FTC Act"), and California Civil Code

21   sections prohibiting fraud and deceit.  Plaintiff's UCL claim fails for several reasons, each of which

22   warrants its dismissal.  First, the UCL count, which does not make a single specific allegation

23   concerning RBS, is not pled with sufficient particularity.  Further, to the extent that Plaintiff's UCL

24   claims are based on TILA, they are preempted by TILA and this Court's dismissal of Plaintiff's

25   TILA claim.  Finally, Plaintiff has not stated a UCL claim, because the actions on which it is based

26

27

28

were not unlawful, unfair or fraudulent.[7]

### A.    Plaintiff's Entire UCL Claim is Insufficiently Pled

RBS is not identified by name once in Plaintiff's UCL count, nor does Plaintiff assert a single fact against RBS; instead, Plaintiff indiscriminately groups RBS and the other Defendants. Such pleading does not satisfy the particularity requirements for pleading a fraud-based UCL claim. "Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b).  Accordingly, plaintiffs must[, among other things,] identify with particularity the statements or omissions that were made."  *Van Slyke v. Capital One Bank*, No. C 07-00671 WHA, 2007 U.S. Dist. LEXIS 82690, at *27 (N.D. Cal. Nov. 7, 2007) (internal citation omitted); *see also Vess*, 317 F.3d at 1103 (requiring fraud-based UCL claims be pled with particularity).  Plaintiff, however, has not articulated any connection between RBS (as opposed to the conflated Defendants) and the alleged conduct, let alone with the requisite particularity, and her UCL claim therefore fails for the same reasons her fraudulent omissions claim fails.[8]

Moreover, Plaintiff's attempt to base her UCL claim on conclusory allegations that Defendants violated the FTC Act and various sections of the California Civil Code fails, because it is not stated with "reasonable particularity."  "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993); *see also Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1149 (C.D.

---

[7]    Plaintiff also purports to bring her claim in her capacity "as a private attorney general," (SAC ¶¶ 91-92), though such standing is no longer available.  *See* Cal. Bus. & Prof. Code § 17204; *see also Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235, 240-41 (Cal. 2006) (discussing same).

[8]    Plaintiff also has not identified any legal basis to hold RBS accountable for supposed violations by an unrelated third-party lender.  "A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 . . . ." *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (Cal. Ct. App. 2002) (internal quotation omitted) (affirming dismissal where defendant did not participate in or assist with the distribution of allegedly misleading solicitations); *see also Nichols v. Greenpoint Mortgage Funding, Inc.*, No. SA CV 08-750 DOC (MLGx), 2008 WL 3891126, at *3-4 ( C.D. Cal. Aug. 19, 2008) (rejecting application of joint venture theory to UCL claim) (quoting *Emery*, 95 Cal. App. 4th at 960 and *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007)).

1   Cal. 2005) (acknowledging a heightened pleading standard for claims under CAL. BUS. & PROF.

2   CODE § 17200 *et seq.*). "By proscribing 'any unlawful' business practice, section 17200 'borrows'

3   violations of other laws and treats them as unlawful practices that the unfair competition law makes

4   independently actionable.  This cause of action is generally derivative of some other illegal conduct

5   or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts

6   supporting the statutory elements of the violation." *Baisa v. Indymac Fed. Bank*, 2009 WL 3756682,

7   slip op. at *4 (E.D. Cal. Nov. 6, 2009) (internal citations and quotation marks omitted).  Here,

8   Plaintiff fails to plead her UCL claim with "reasonable particularity" because her SAC does not set

9   forth factual allegations supporting the statutory elements of the alleged violations or how RBS is

10  responsible for such alleged violations.

11          **B.      Plaintiff's UCL Claim Is Preempted By TILA**
            **and This Court's Dismissal of Plaintiff's TILA Claim**

12

13          Plaintiff's UCL claim, in part, relies on the same alleged disclosure violations as her TILA

14  claim, which this Court already dismissed.  By premising part of her UCL claim on TILA, Plaintiff

15  seeks to use the UCL's inconsistent statute of limitations and damages threshold to sidestep her

16  failure to plead her TILA claim timely and avoid its limits.  *Compare* 15 U.S.C. § 1640 (one year

17  statute of limitations for damages; in class actions, damages limited to $ 500,000 or one percent of

18  the net worth of the creditor) *with* CAL. BUS & PROF. CODE §§ 17203, 17204, 17206, 17206.1,

19  17207, 17208 (defendants subject to injunction, payment of restitution, and civil penalties; four

20  year statute of limitations).  Such an outcome, however, is prohibited by TILA.  Plaintiff's UCL

21  claim contradicts TILA's plain language, which *expressly preempts* inconsistent applications of

22  state law.  Allowing her to proceed would contravene the logic of the Ninth Circuit's decision in

23  *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008).[9]

24          [9]      The Ninth Circuit has also held that a plaintiff may not plead around preemption with a
25  contract-like claim.  In *Pub. Util. Dist. No. 1 of Grays Harbor County Wash. v. IDACORP, Inc.*, a
    public utility district sought to rescind or reform its energy contract executed during an earlier
26  energy crisis.  379 F.3d 641, 645 (9th Cir. 2004).  Though plaintiff-appellant couched its action as
    "a simple question of contract formation," the court identified the "fundamental thrust" of its
27  complaint as a determination of the fair price of electricity delivered under the contract.  *Id.* at 648.
    This question fell squarely within the authority of the Federal Energy Regulatory Commission,
28  which commands exclusive control over energy prices pursuant to federal law.  *Id.*  Consequently,
            *(cont'd)*

1    In *Silvas*, the Ninth Circuit considered whether plaintiffs-appellants' UCL claims for

2   misrepresentation of rescission rights and failure to provide a deposit refund as required by TILA

3   were preempted.  514 F.3d at 1003.  Although based on preemption under the Home Owners' Loan

4   Act ("HOLA") applicable to E*Trade, both the court's analysis and its statements made therein

5   suggest that the Ninth Circuit would reach the same result with respect to TILA preemption.

6   Discussing appellants' UCL claim, which sought to take advantage of the UCL's longer statute of

7   limitations to remedy TILA violations, the court opined that "[a]n attempt by Appellants to go

8   outside the congressionally enacted limitation period of TILA is an attempt to enforce a state

9   regulation in an area expressly preempted by federal law."  *Id.* at 1007 n.3.[10]

10    Indeed, at least one other court has explicitly adopted *Silvas*' teachings and applied them to

11   facts like those here, rejecting as preempted a plaintiff's UCL claim that was based on alleged

12   TILA violations.  In *Nava v. Virtualbank*, after finding plaintiff's claim preempted by HOLA (as

13   did the *Silvas* court), the court separately held that "plaintiff's UCL claim based on violation of

14   TILA is also preempted by federal law since its application would supplement TILA by changing

15   TILA's framework."  2008 U.S. Dist. LEXIS 72819, at *20 (citing *Silvas*, 514 F.3d at 1007 n.3).[11]

16   The court recognized that "[b]y predicating a UCL claim on a violation of TILA, plaintiff is

17   attempting to alter both the damages available under TILA and the statute of limitations period for

18   civil damages under TILA."  *Nava*, 2008 U.S. Dist. LEXIS 72819, at *21.  Plaintiff here is likewise

19   using her UCL claim to supplant her already dismissed TILA claim, and her UCL claim is also

20   preempted.  *Id.*  Allowing Plaintiff to avoid TILA's limitations period and damages threshold by

21   applying state law to the *same underlying conduct* violates TILA's plain language and too closely

22   _____

(cont'd from previous page)

23   despite appellant's efforts to plead otherwise, the court held the contract claims were preempted by federal law.  *Id.* at 649.  Plaintiff's attempt here to achieve a similar outcome is also impermissible.

24   [10]    The Ninth Circuit also added that "TILA's savings clause provides that TILA does not

25   preempt state law *unless* the state law is inconsistent with TILA."  *Silvas*, 514 F.3d at 1007 (citing 15 U.S.C. § 1610(b)) (emphasis added).  TILA plainly provides that Plaintiff had one year to bring

26   her claim and limits the damages available to her.  15 U.S.C. § 1640.

27   [11]    While recognizing the "*Silvas* court's discussion of the issue is dicta, the court, nevertheless, [found] it persuasive."  *Nava*, 2008 U.S. Dist. LEXIS 72819, at *20-21 n.9.

28

1    resembles the same sort of state law "end run" the Ninth Circuit criticized in *Silvas*.[12]

2    **C.**    **Plaintiff Has Not Identified Any Unlawful, Unfair or Fraudulent Conduct**

3       Finally, Plaintiff's UCL claim fails to identify any "Unlawful," "Unfair," or "Fraudulent"

4    acts by RBS. Unfair competition is defined as "any unlawful, unfair, or fraudulent business act or

5    practice . . . ." CAL. BUS. & PROF. CODE § 17200. The conduct challenged by Plaintiff's UCL

6    claim is based on alleged TILA violations, FTC Act violations, and California Civil Code

7    violations. "A cause of action under this section must be based on some predicate act involving a

8    violation of some other statute." *Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1213

9    (E.D. Cal. 2008) (citing *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 184 n.10

10    (1999)). Thus, the challenged conduct is only "unlawful, unfair, or fraudulent" under the UCL to

11    the extent it is unlawful under TILA, the FTC Act, or state law. Because Plaintiff has not stated a

12    claim under TILA, as evidenced by this Court's dismissal of Plaintiff's TILA claim, nor stated a

13    claim under the FTC Act or under the California Civil Code, she has not stated a basis for her UCL

14    claim. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (Cal. Ct. App. 2001);

15    *In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 965 (N.D. Cal. 2007) ("Because the

16    plaintiffs' theories are explicitly premised on the assertion that the fees violate federal law and the

17    Court has determined that no such claim has been stated, the UCL claim is not cognizable."); *see*

18    *also Amparan*, 2008 WL 5245497, at *12; *Rubio*, 572 F. Supp. 2d at 1168-69.

19       Similarly, the allegations in Plaintiff's UCL count cannot establish unfair or fraudulent

20    conduct by RBS under TILA, the FTC Act, or the California Civil Code because they pertain to

21    statements and representations made to Plaintiff *by her lender*. (*See, e.g.*, SAC ¶ 94 (the "Loan

22

23    [12]    Although this Court reached a different conclusion in *Amparan*, 2008 WL 5245497, at *11, as did the court in *Quezada v. Loan Ctr. of Cal., Inc.*, No. CIV 08-177 WBS KJM, 2008 WL

24    5100241, *6 (E.D. Cal. Nov. 26, 2008), RBS submits that those cases were mistaken because both looked to *Plascencia v. Lending 1st Mortgage, LLC*, No. C 07-4485 CW, 2008 WL 4544357 (N.D.

25    Cal. Sept. 30, 2008) in reaching their conclusions. The reasoning in *Plascencia* (and thus, by extension, *Amparan* and *Quezada*), however, was flawed because it did not address or

26    acknowledge the Ninth Circuit's decision in *Silvas*. *Nava*, on the other hand, fully analyzed the issue, including considering the Ninth's Circuit's decision in *Silvas*. For this reason, *Nava*'s holding

27    – that a TILA-based UCL claim is preempted by TILA where a plaintiff attempts to change TILA's framework by invoking state law – is the proper outcome, and the Court should dismiss plaintiff's

28    TILA-based UCL claim, because it is preempted by TILA.

1  Documents uniformly failed to disclose and omitted material information that was known only to

2  Defendants . . . .").)  Plaintiff, however, has not identified any legal basis to hold RBS accountable

3  for those statements or application of payments, nor is there any.  *See Marks v. Ocwen Loan*

4  *Serving*, No. C 07-02133 SI, 2008 WL 344210, at *3 (N.D. Cal. Feb. 6, 2008) (dismissing TILA

5  claim against subsequent loan owner, which was based in part on statements made by lender);

6  *Emery*, 95 Cal. App. 4th at 960 (affirming dismissal where defendant did not participate in or assist

7  with the distribution of allegedly misleading solicitations).  In sum, Plaintiff has failed to articulate

8  any measure of conduct by RBS that rises to the level of unlawful, unfair or fraudulent.

9                                          **CONCLUSION**

10         For the reasons set forth above, RBS respectfully requests that this Court dismiss the SAC

11  in its entirety with prejudice.

12  Dated:  November 24, 2009                  Respectfully submitted,

13                                             BUCKLEYSANDLER LLP

14                                     By:  /s/ Richard J. Sahatjian

15                                          RICHARD J. SAHATJIAN (SBN 252442)

16                                          -and-

17                                          ANDREW L. SANDLER (Admitted *Pro Hac Vice*)
                                            BENJAMIN B. KLUBES (Admitted *Pro Hac Vice*)

18                                          *Attorneys for Defendants RBS Financial*
19                                          *Products, Inc. and RBS Acceptance Corp.*

20

21

22

23

24

25

26

27

28

**1**

**CERTIFICATE OF SERVICE**

**2**     I certify that on November 24, 2009, I caused a true and correct copy of DEFENDANT

**3** RBS FINANCIAL PRODUCTS, INC. AND RBS ACCEPTANCE CORP.'S MOTION TO

**4** DISMISS PLAINTIFF'S SIXTH AMENDED CLASS ACTION COMPLAINT, AND

**5** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT to be served upon counsel of

**6** record via the Court's ECF system.

**7**

**8**                                                  By:   /s/ Richard J. Sahatjian

**9**                                                          RICHARD J. SAHATJIAN

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Brooks v. ComUnity Lending, Inc., et al.*, No. C-07-04501-JF 1229138-3