1 | Lee A. Weiss (admitted *pro hac vice*)
lweiss@bwgfirm.com
2 | **BROWNE WOODS GEORGE LLP**
1 Liberty Plaza, Suite 2329
3 | New York, NY 10006
Phone: (212) 354-4901
4 | Fax: (212) 354-4904

5 | David M. Arbogast (SBN 167571)
darbogast@law111.com
6 | Jeffrey K. Berns (SBN 131351)
jberns@law111.com
7 | **ARBOGAST & BERNS LLP**
6303 Owensmouth Avenue, 10th Floor
8 | Woodland Hills, CA 91367
Phone: (818) 961-2000
9 | Fax: (818) 936-0232

10

11

## UNITED STATES DISTRICT COURT

12

### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

13

| | |
|---|---|
| 14 | **Case No. C-07-04501-JF** |
| **MARJORIE BROOKS, individually and on behalf** | |
| 15 **of herself and all others similarly situated,** | |
| 16 | Judge: Hon. Jeremy Fogel |
| **Plaintiff,** | |
| 17 | CLASS ACTION |
| **v.** | |
| 18 | MODIFIED |
| **COMMUNITY LENDING, INC., RBS** | **STIPULATED PROTECTIVE ORDER** |
| 19 **FINANCIAL PRODUCTS INC., f/k/a** | **AND |xxxxxxxxxxxxx)RDER** |
| **GREENWICH CAPITAL FINANCIAL** | |
| 20 **PRODUCTS, INC., RBS ACCEPTANCE** | |
| **CORP.,** | |
| 21 **f/k/a GREENWICH CAPITAL** | |
| **ACCEPTANCE,** | |
| 22 **INC., GMAC MORTGAGE, LLC, WELLS** | |
| **FARGO BANK, N.A., AS TRUSTEE OF THE** | |
| 23 **HARBORVIEW MORTGAGE LOAN TRUST** | |
| **2006-10 and DOES 5 through 10, inclusive,** | |
| 24 | |
| **Defendants,** | |
| 25 | |

26

27

28

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1      2.6    Expert:  a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

3  expert witness or as a consultant in this action.

4      2.7    House Counsel:  attorneys who are employees of a party to this action.

5  House Counsel does not include Outside Counsel of Record or any other outside counsel.

6      2.8    Non-Party:  any natural person, partnership, corporation, association,

7  or other legal entity not named as a Party to this action.

8      2.9    Outside Counsel of Record:  attorneys who are not employees of a

9  party to this action but are retained to represent or advise a party to this action and have

10  appeared in this action on behalf of that party or are affiliated with a law firm which has

11  appeared on behalf of that party.

12      2.10   Party:  any party to this action, including all of its officers, directors,

13  employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

14      XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

15  ¡XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

16  :XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

17  ¡XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

18  ¡XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

19  ¡XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

20  ¡XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

21   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX   PVT

22      2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

23  Discovery Material in this action.

24      2.13   Professional Vendors:  persons or entities that provide litigation support

25  services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

26  organizing, storing, or retrieving data in any form or medium) and their employees and

27  subcontractors.

28      2.14   Protected Material:  any Disclosure or Discovery Material that is designated

1  as "CONFIDENTIAL."

2          2.15     Receiving Party:  a Party that receives Disclosure or Discovery Material

3  from a Producing Party.

4          3.      SCOPE

5          The protections conferred by this Stipulation and Order cover not only Protected

6  Material and Private Consumer Information (as defined above), but also (l) any information copied

7  or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

8  Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

9  Counsel that might reveal Protected Material. However, the protections conferred by this

10  Stipulation and Order do not cover the following information: (a) any information that is in the

11  public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

12  after its disclosure to a Receiving Party as a result of publication not involving a violation of this

13  Order, including becoming part of the public record through trial or otherwise; and (b) any

14  information known to the Receiving Party prior to the disclosure or obtained by the Receiving

15  Party after the disclosure from a source who obtained the information lawfully and under no

16  obligation of confidentiality to the Designating Party. Due to the confidential nature of the

17  Protected Material, including the expected presence of Private Consumer Information within the

18  Protected Material, the Parties will take reasonable steps to preserve the confidentiality of

19  Protected Material at trial, and will revisit the issue as necessary prior to trial to determine the most

20  appropriate treatment of such materials. Use of Protected Material at trial shall be governed by a

21  separate agreement or order.

22          4.      DURATION

23          Even after the termination of this litigation, the confidentiality obligations imposed by this

24  Order shall remain in effect until the Designating Party that produced the Protected Material at

25  issue agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

26  deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without

27  prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

28

- 4 -

1 rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions

2 or applications for extension of time pursuant to applicable law.

3      5.     DESIGNATING PROTECTED MATERIAL

4      5.1     Exercise of Restraint and Care in Designating Material for Protection.

5 Each Party or Non-Party that designates information or items for protection under this Order

6 must take care to limit any such designation to specific material that qualifies under the

7 appropriate standards.  The Designating Party must designate for protection only those parts

8 of material, documents, items, or oral or written communications that qualify - so that other

9 portions of the material, documents, items, or communications for which protection is not

10 warranted are not swept unjustifiably within the ambit of this Order.

11      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

12 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13 unnecessarily encumber or retard the case development process or to impose unnecessary

14 expenses and burdens on other parties) expose the Designating Party to sanctions.

15      If it comes to a Designating Party's attention that information or items that it

16 designated for protection do not qualify for protection, that Designating Party must promptly

17 notify all other Parties that it is withdrawing the mistaken designation.

18      5.2     Manner and Timing of Designations.  Except as otherwise provided in

19 this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

20 ordered, Disclosure or Discovery Material that qualifies for protection under this Order must

21 be clearly so designated before the material is disclosed or produced.

22      Designation in conformity with this Order requires:

23      (a) for information in documentary form (*e.g.*, paper or electronic documents,

24 but excluding transcripts of depositions or other pretrial or trial proceedings), that the

25 Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected

26 material.

27      A Party or Non-Party that makes original documents or materials available for

28 inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

1  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

2  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

3  forms of communication are not sufficient) within 14 days of the date of service of notice.  In

4  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

5  designation was not proper and must give the Designating Party an opportunity to review the

6  designated material, to reconsider the circumstances, and, if no change in designation is offered, to

7  explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of

8  the challenge process only if it has engaged in this meet and confer process first or establishes that

9  the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10       6.3    Judicial Intervention. If the Parties cannot resolve a challenge without Court

11  intervention, a Party that elects to press a challenge to a confidentiality designation may file and

12  serve a motion under Civil Local Rule 7 (in compliance with Civil Local Rule 79-5, if applicable)

13  that identifies the challenged material and sets forth in detail the basis for the challenge. Each such

14  motion must be accompanied by a competent declaration that affirms that the movant has complied

15  with the meet and confer requirements imposed in the preceding paragraph that sets forth with

16  specificity the justification for the confidentiality designation that was given by the Designating

17  Party in the meet and confer dialogue.  The Challenging Party may file such a motion challenging a

18  confidentiality designation at any time if there is good cause for doing so, including a challenge to

19  the designation of a deposition transcript or any portions thereof.

20       The burden of persuasion in any such challenge proceeding shall be on the Designating

21  Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose

22  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

23  sanctions.  All parties shall continue to afford the material in question the level of protection to

24  which it is entitled under the Producing Party's designation until the court rules on the challenge.

25       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

26       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

27  disclosed or produced by another Party or by a Non-Party in connection with this case only for

28  prosecuting, defending, or attempting to settle this particular action and for no other purposes.

1   Such Protected Material may be disclosed only to the categories of persons and under the

2   conditions described in this Order.  When the litigation has been terminated, a Receiving Party

3   must comply with the provisions of section 13 below (FINAL DISPOSITION).

4           Protected Material must be stored and maintained by a Receiving Party at a location

5   and in a secure manner that ensures that access is limited to the persons authorized under this

6   Order.

7           7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

8   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

9   disclose any information or item designated "CONFIDENTIAL" only to:

10          (a)     The Parties' Counsel in this action, the partners, associates, and employees

11  of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably

12  necessary and only for the purpose of conducting or assisting in this action;

13          (b)     The Parties and their parents and subsidiaries, including present and former

14  officers, directors, partners, employees, to the extent reasonably necessary and only for the purpose

15  of conducting or assisting in this action, provided, however, the requirements of this paragraph 7.2

16  do not apply to Parties' receipt of its own Protected Material or, for any Plaintiff herein, any

17  Protected Material received from a co-Plaintiff in this action or for any Defendant herein, any

18  Protected Material received from a co-Defendant in this action;

19          (c)     Experts (as defined in this Order) who have signed the "Agreement to Be

20  Bound by Protective Order" (Exhibit A);

21          (d)     The Court and court personnel, jury members, deposition officers, court

22  reporters, and videographers used in connection with this litigation;

23          (e)     Court reporters, their staffs, and professional vendors to whom disclosure is

24  reasonably necessary for this litigation;

25          (f)     During their depositions, witnesses in the action to whom disclosure is

26  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

27  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

28

Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     Any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential Information or Confidential Item;

(h)     Potential lay witnesses to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(i)     Any other person as to whom the Party that designated the document or information as "Confidential" has consented to disclosure in advance; and

(j)     Such other persons as the Parties may agree or may be ordered by the Court.

7.3     Prior to disclosure of any material designated "Confidential" to any person described in this paragraph 7.2 subsections (g) through (k) hereof, such person shall be given a copy of this Order and shall sign a certification in the form of Exhibit A attached hereto.  Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, government request, regulatory request or a court order issued in other litigation ("Request/Order") that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the Request/Order;

(b)     promptly notify in writing the party who caused the Request/Order to issue that some or all of the material covered by the Request/Order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with

1   the Request/Order shall not produce any information designated in this action as

2   "CONFIDENTIAL" before a determination by the court from which the Request/Order

3   issued, unless the Party has obtained the Designating Party's permission.  The Designating

4   Party shall bear the burden and expense of seeking protection in that court of its confidential

5   material, and nothing in these provisions should be construed as authorizing or encouraging a

6   Receiving Party in this action to disobey a lawful directive from another court.

7   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

8   ]XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

9   ⁄XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

10  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX  PVT

11      9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

12  THIS LITIGATION

13          (a)     The terms of this Order are applicable to information produced by a

14  Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced

15  by Non-Parties in connection with this litigation is protected by the remedies and relief

16  provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-

17  Party from seeking additional protections.

18          (b)     In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's confidential information in its possession, and the Party is subject to an

20  agreement with the Non-Party not to produce the Non-Party's confidential information, then

21  the Party shall:

22          1.      promptly notify in writing the Requesting Party and the Non-Party that

23  some or all of the information requested is subject to a confidentiality agreement with a Non-

24  Party;

25          2.      promptly provide the Non-Party with a copy of the Stipulated Protective

26  Order in this litigation, the relevant discovery request(s), and a reasonably specific description

27  of the information requested; and

28          3.      make the information requested available for inspection by the Non-

1  Party.

2            (c)        In the Non-Party fails to object or seek a protective order from this court

3  within 14 days of receiving the notice and accompanying information, the Receiving Party

4  may produce the Non-Party's confidential information responsive to the discovery request.  If

5  the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

6  information in its possession or control that is subject to the confidentiality agreement with the

7  Non-Party before a determination by the court [1]  Absent a court order to the contrary, the Non-

8  Party shall bear the burden and expense of seeking protection in this court of its Protected

9  Material.

10            10.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12  Material to any person or in any circumstance not authorized under this Stipulated Protective

13  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

14  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

15  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

16  made of all the terms of this Order, and (d) request such person or persons to execute the

17  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

18            11.        INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

19  PROTECTED MATERIAL

20            When a Producing Party gives notice to Receiving Parties that certain

21  inadvertently produced material is subject to a claim of privilege or other protection, the

22  production of that information will not be presumed to constitute a waiver of any applicable

23  privileges or other protections, and the obligations of the Receiving Parties are those set forth

24  in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

25  whatever procedure may be established in an e-discovery order that provides for production

26  without prior privilege review.

27  _____
        [1] The purpose of this provision is to alert the interested parties to the existence of
28  confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
    confidentiality interests in this court.

1    Pursuant to Federal Rule of Evidence 502(d) and (e), the parties hereby agree

2  that if a Producing Party inadvertently produces information or documents that it later discovers,

3  or in good faith later asserts, to be privileged, including but not limited to, the attorney-client

4  privilege or work product doctrine, or is otherwise protected from disclosure, the production of that

5  information will not be presumed to constitute a waiver of any applicable privileges or other

6  protections.  In these circumstances, the Producing Party must immediately notify all Parties in

7  writing of the inadvertent production and the basis for the claim of privilege or other protection

8  from production and request in writing the return or confirmed destruction of the privileged or

9  protected information.  Within five (5) days of receiving such notification, and in compliance with

10  the Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already

11  reviewed such materials or who have reviewed the materials but do not contest the applicability of

12  the privilege asserted must return or confirm destruction of all such materials, including copies

13  and/or summaries thereof.  However, should a Receiving Party contest the applicability of a

14  privilege asserted with respect to an inadvertently produced document which the Receiving Party

15  already had reviewed prior to receipt of the inadvertent production notification, the Receiving

16  Party may temporarily retain one copy of the document or documents at issue, segregated and not

17  further copied or disseminated, for the sole purpose of contesting the applicability of the privilege

18  asserted with the Court.  In the event of such a challenge, the contesting party will have the burden

19  of making an appropriate motion to the Court within ten (10) days of receiving such notification,

20  and obtaining a hearing upon such motion.  At such hearing, the Producing Party shall have the

21  burden of establishing the need for the document's confidential or privileged status.  Pending a

22  determination from the Court, the inadvertently produced document at issues shall be treated as

23  Confidential in accordance with the Producing Party's designation pursuant to this Order.  Within

24  two (2) business days of the issuance of a court order deeming the contested document privileged,

25  however, the Receiving Party must return or confirm destruction of all such materials, including

26  copies and/or summaries thereof.

27    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28  Protected Material to any person by mistake or in any circumstances not authorized under this

- 12 -

1 | Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2 | unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected material,

3 | (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

4 | of this Order, and (d) request such person or persons to execute the "Acknowledgement and

5 | Agreement to Be Bound" that is attached hereto as Exhibit A.

6 |       12.    MISCELLANEOUS

7 |       12.1   Right to Further Relief. Nothing in this Order abridges the right of any

8 | person to seek its modification by the court in the future.

9 |       12.2   Right to Assert Other Objections. By stipulating to the entry of this

10 | Protective Order no Party waives any right it otherwise would have to object to disclosing or

11 | producing any information or item on any ground not addressed in this Stipulated Protective

12 | Order. Similarly, no Party waives any right to object on any ground to use in evidence of any

13 | of the material covered by this Protective Order.

14 |       12.3   Filing Protected Material. Without written permission from the

15 | Designating Party or a court order secured after appropriate notice to all interested persons, a

16 | Party may not file in the public record in this action any Protected Material.  A Party that

17 | seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

18 | Protected Material may only be filed under seal pursuant to a court order authorizing the

19 | sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a

20 | sealing order will issue only upon a request establishing that the Protected Material at issue

21 | is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

22 | If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

23 | Rule 79-5( d) is denied by the court, then the Receiving Party may file the information in the

24 | public record pursuant to Civil Local Rule 79-5( e) unless otherwise instructed by the court.

25 |     13.    FINAL DISPOSITION. Within 60 days after the final disposition of this

26 | action, as defined in paragraph 4, each Receiving Party must return all Protected Material to

27 | the Producing Party or destroy such material.  As used in this subdivision, "all Protected

28 | Material" includes all copies, abstracts, compilations, summaries, and any other format

1 reproducing or capturing any of the Protected Material.  Whether the Protected Material is

2 returned or destroyed, the Receiving Party must submit a written certification to the Producing

3 Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (l)

4 identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

5 and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations,

6 summaries or any other format reproducing or capturing any of the Protected Material.

7 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

8 motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

9 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

10 product, even if such materials contain Protected Material.  Any such archival copies that contain

11 or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

12 (DURATION).

13

14 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16 DATED:  November 15, 2010                    **BROWNE WOODS GEORGE LLP**

17                                              By: /s/ Lee A. Weiss
                                                 Lee A. Weiss (admitted *pro hac vice*)
18                                               lweiss@bwgfirm.com
                                                 1 Liberty Plaza, Suite 2329
19                                               New York, NY  10006
                                                 Phone:  (212) 354-4901
20                                               Fax:  (212) 354-4904

21                                              **ARBOGAST & BERNS LLP**
                                                 Jeffrey K. Berns (SBN 131351)
22                                               jberns@law111.com
                                                 David M. Arbogast (SBN 167571)
23                                               darbogast@law111.com
                                                 6303 Owensmouth Avenue, 10th Floor
24                                               Woodland Hills, CA  91367
                                                 Phone:  (818) 961-2000
25                                               Fax:  (818) 936-0232

26                                              *Attorneys for Plaintiff*

27

28

1    DATED:  November 15, 2010                              **BUCKLEYSANDLER LLP**

2                                                           By: /s/ Richard J. Sahatjian _____
                                                            Richard J. Sahatjian (SBN 252442)
3                                                           1801 Century Park East, Suite 2240
                                                            Los Angeles, California  90067
4                                                           Phone:  (424) 203-1000
                                                            Fax:  (424) 203-1019
5
                                                            -and-
6
                                                            Andrew L. Sandler (admitted *pro hac vice)*
7                                                           Benjamin B. Klubes (admitted *pro hac vice*)
                                                            Michelle L. Rogers  (admitted *pro hac vice*)
8                                                           1250 24th Street, NW, Suite 700
                                                            Washington, D.C.  20037
9                                                           Phone:  (202) 349-8000
                                                            Fax:  (202) 349-8080
10
                                                            *Attorneys for Defendants RBS FINANCIAL*
11                                                          *PRODUCTS INC. & RBS ACCEPTANCE, INC.*

12

13   PURSUANT TO STIPULATION, IT IS SO ORDERED.

14

15   DATED:  ___ November 24, 2010 _____    _____

16                                                          Patricia V. Trumbull
                                                            Unites States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ in the case of *Marjorie Brooks v. ComUnity*

*Lending, Inc., et al.*, No. C-07-04501-JF.  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                [signature]

- 1 -